**Samuel Vazquez LOZANO, et al., Plaintiffs,**

v.

**Michael CORONA, et al., Defendants.**

**No. CIV.99–2422(RLA).**

United States District Court, D. Puerto Rico.

Feb. 11, 2002.

Frank D. Inserni–Milam, San Juan, PR, for Plaintiffs.

Grisselle González–Negrón, Department of Justice of P.R., Federal Litigation Division, San Juan, PR, for Defendants.

## ORDER IN THE MATTER OF TOLLING OF STATUTE OF LIMITATIONS AND SETTING DEADLINE FOR ANSWERS TO COMPLAINT

ACOSTA, District Judge.

Defendants have moved the court to dismiss the claims asserted in the complaint as time barred. For the reasons expounded below we find that plaintiffs effectively tolled the statute of limitations period and the action before us is timely.

### PROCEDURAL BACKGROUND

On **January 12, 1995** plaintiffs instituted a similar complaint alleging deprivation of their federally guaranteed civil rights which was assigned to Hon. Salvador E. Casellas [Civ. No. **95–1035**].

Judgment was entered on **January 27, 1998** dismissing the complaint for failure to timely effect service of process pursuant to the provisions of Rule 4(m) Fed.R.Civ.P.

Plaintiffs moved for reconsideration of the dismissal on **February 9, 1998** which was denied by Judge Casellas on **August 31, 1998**.

On **November 2, 1998** plaintiffs again moved for reconsideration which Judge Casellas denied a second time on the same grounds on **August 10, 1999**.

On **December 29, 1999** plaintiffs filed the instant complaint pursuant to 42 U.S.C. § 1983 essentially duplicating the claims asserted in the previous federal suit.

### TIMELINESS

■ Defendants contend that the district court's determination became final 30 days after the first petition to reconsider was denied on **August 31, 1998** when the term to institute an appeal expired.[1] De-

---

1. *See* Fed. R.App. P. 4(a)(1)(A).

fendants further argue that the second motion for reconsideration—filed on **November 2, 1998**—had no effect on the statute of limitations period because it was tendered well beyond (1) the 10 days provided for motions to stay the term to appeal as well as (2) the 30 days provided for instituting an appeal.

### Statute of Limitations

■ The most analogous state statute of limitations as well as its tolling provisions will be applied to § 1983 actions. *Hardin v. Straub,* 490 U.S. 536, 109 S.Ct. 1998, 104 L.Ed.2d 582 (1989) and *Chardon v. Fumero,* 462 U.S. 650, 103 S.Ct. 2611, 77 L.Ed.2d 74 (1983). In this jurisdiction the one-year period applicable to personal injury actions found at P.R. Laws Ann. tit. 31, § 5298(2) (1990) has been determined as the pertinent statute of limitations for § 1983 claims. *Andino–Pastrana v. Municipio De San Juan,* 215 F.3d 179, 180 (1st Cir.2000); *Aybar v. Crispin–Reyes,* 118 F.3d 10, 15 n. 6 (1st Cir.1997); *Muniz–Cabrero v. Ruiz,* 23 F.3d 607 (1st Cir. 1994); *Lafont–Rivera v. Soler–Zapata,* 984 F.2d 1 (1st Cir.1993); *Rodriguez Narvaez v. Nazario,* 895 F.2d 38 (1st Cir.1990).

■ Pursuant to P.R. Laws Ann. tit. 31, § 5303 (1990) one of the options available for tolling the aforementioned statute of limitations is by instituting judicial proceedings. The tolling takes effect by the mere filing of the complaint—without regard to service of process or the fact that the court may eventually be found to lack jurisdiction—and lasts until the judicial proceedings have finally concluded. *Martínez Arcelay v. Peñagaricano,* 145 D.P.R. 93 (1998); *Agosto v. Municipio de Rio Grande,* 143 D.P.R. 174 (1997); *Durán–Cepeda v. Morales–Lebrón,* 112 D.P.R. 623 (1982); *Moa v. Commonwealth,* 100 P.R.R. 572, 589 (1972).

■ Once the judicial proceedings have "definitely" ended, the full one-year term will commence to run anew. *Silva Wiscovich v. Weber Dental Mfg. Co.,* 119 D.P.R. 550, 562 (1987); *Duran–Cepeda,* 112 D.P.R. at 625 & 630. *See also Rodriguez Narvaez v. Nazario,* 895 F.2d 38, 43 (1st Cir.1990) (once tolled, the full one-year limitations period commences anew).

### Post Judgment Motions

Depending on when petitions were filed and the nature of the grounds advanced by a party in support of successive motions for reconsideration the requests may be entertained either as either (1) a motion to alter or amend judgment pursuant to Rule 59(e) Fed.R.Civ.P. or (2) a motion for relief from judgment under Rule 60 Fed. R.Civ.P.

Plaintiffs' first motion for reconsideration was filed within 10 days from entry of judgment. The second request, however, was filed over 60 days from the denial of the first motion for reconsideration and more than nine months after judgment had been issued.

■ Rule 59(e) allows for motions to alter or amend a judgment but it specifically requires that any such petition must be filed within 10 days after the entry of the judgment or order sought to be reviewed. Further, Rule 4(a)(4)(A)(iv) Fed. R.App. P. provides that the term to appeal the underlying judgment begins to run from the date the post judgment motion is disposed of. If successive motions for reconsideration are filed, however, subsequent appellate review will be limited to the merits of the order disposing of the Rule 59(e) request; appeal of the initial judgment is foreclosed. *See Aybar,* 118 F.3d at 14–15 (only the original timely motion for reconsideration postpones the time to appeal the underlying judgment).

■ On the other hand, motions seeking relief from judgment pursuant to the pro-

visions of Rule 60 may be filed either "within a reasonable time" or "not more than one year after the judgment" is entered depending on the arguments used to justify the petition. However, any such motion will "not affect the finality of a judgment or suspend its operation." Rule 60(b) Fed.R.Civ.P. On appeal, the court's jurisdiction will be limited to reviewing the merits of the order disposing of the post judgment motion and not the underlying judgment. *See U.S. v. One Rural Lot No. 10,356,* 238 F.3d 76, 79 (1st Cir.2001) (only issue on appeal "is the propriety *vel non* of the district court's denial of the motion for relief from judgment.")

We find that defendants' arguments regarding the significance of the timing of the two post judgment motions filed by plaintiffs is misplaced. As previously indicated, the 10–day limitation is relevant only to the scope of the issues which may be properly presented on appeal. That is, whether the appellate court will entertain attacks to the underlying judgment or will merely review the validity of the post judgment ruling.

For purposes of the statute of limitations, as long as the action remains *sub judice* by way of a timely motion for reconsideration under Rule 59(e) it has not "definitely" concluded. During this period of time the tolling continues in effect since the judicial proceedings have not yet come to an end.

Further, with respect to motions under Rule 60, these too may qualify as judicial interruptions to the limitations period. Inherent in a motion for reconsideration from the dismissal of a case is the distinct possibility that the court will reinstate the complaint. Therefore, from a statute of limitations standpoint a motion for reconsideration cannot be considered in a vacuum. Rather, it must be examined in light of its legal consequences which in situations such as the one before us puts the

defendant on notice of plaintiff's continued interest in prosecuting the rights asserted in the complaint.

■ Therefore, motions for reconsideration filed after the dismissal of a complaint has become final because the term to appeal has elapsed may be regarded as equivalent to the institution of judicial proceedings for purposes of § 5303. Post judgment motions under these circumstances inherently relate to the complaint insofar as they seek to revive the dismissed pleading. Thus, we find no reason not to accord plaintiffs' Rule 60 motion a tolling effect since it otherwise meets the necessary notice requirements for the operation of § 5303, i.e., demand of the specific obligation at issue; directed to the party liable; by suitable means, and filed prior to the expiration of the limitations period. *See Martinez Arcelay v. Peñagaricano Soler,* 145 D.P.R. 93 (1998) and *Galib Frangie v. El Vocero de P.R.,* 138 D.P.R. 560 (1995).

Further, this ruling is consonant with the underlying purpose of the limitations period which is to avoid stale claims while at the same time forfeit the rights of those who are not diligent in prosecuting them. *de Leon Crespo v. Caparra Center,* —— D.P.R. —— (1999), 99 J.T.S. 29; *Gonzalez v. Wal-Mmart,* —— D.P.R. —— (1998), 98 J.T.S. 149; *Galib Frangie.* Cessation of the limitations period requires the unequivocal assertion of a right which would otherwise expire through the mere lapse of time. *Martinez Arcelay, Galib Frangie.*

■ Therefore, so long as a plaintiff is actively pursuing his rights in court by following the procedural mechanisms available to set aside the dismissal of the complaint these will operate to toll the statute of limitations period until the court either reinstates the claim or rejects the request at which time the one year will commence to run anew.

## CONCLUSION

Based on the foregoing, we find that pursuant to § 5303 the statute of limitations was again tolled by the second motion for reconsideration filed prior to one year from the denial of the initial motion for reconsideration. The one year term restarted upon the denial of the second request on August 10, 1999. Accordingly, the complaint in this action—filed on December 29, 1999—is timely since it was instituted within a year from the date when the judicial proceedings came to an end.

Based on the foregoing, Motion to Dismiss... (docket No. 30) is **DENIED.**[2]

## ANSWERS TO COMPLAINT

It is further ORDERED that defendants shall answer the complaint or otherwise plead on or before **March 11, 2002.**

IT IS SO ORDERED.

---

**2.** *See also* plaintiffs' Opposition (docket No. 31); defendants' Reply (docket No. 32) and plaintiffs' sur-reply (docket No. 33).