**Blanca I. FIGUEROA–GARAY, et al., Plaintiffs**

v.

**MUNICIPALITY OF RIO GRANDE, et al., Defendants.**

**Civil No. 04–1286(SEC).**

United States District Court, D. Puerto Rico.

March 8, 2005.

Nora Vargas–Acosta, San Juan, PR, for Plaintiff.

Municipality of Rio Grande, pro se.

Emilio Rosa–Pacheco, pro se.

Jorge Martinez–Luciano, Ponce, PR, for Defendant.

Hector Rosa–Cirilo, pro se.

## OPINION AND ORDER

CASELLAS, District Judge.

Pending before the Court are Defendants' motions to dismiss (Dockets ## 4 & 14).[1] Plaintiffs have opposed said motions (Dockets ## 9 & 15) and Defendants have replied (Dockets ## 11 & 20). After carefully considering the parties' filings and the applicable law, for the reasons set forth below, we find that Defendants' motions must be **GRANTED in part and DENIED in part.**

### Factual Background

Plaintiffs, Blanca I. Figueroa–Garay, her husband, Victor M. Fuentes–López and their conjugal partnership, filed the above-captioned matter seeking redress for the alleged violation of their rights under the Constitution of the United States of America, First, Fifth and Fourteenth Amendments, the Federal Civil Rights Act, Sections 1983 and 1988, and the Constitution and laws of the Commonwealth of Puerto Rico. They seek equitable relief and damages (compensatory and punitive) for Defendants' alleged politically discriminatory actions, specifically, Co-plaintiff Figueroa–Garay's alleged unjustified work transfers, unannounced changes in her work schedule, unwarranted disciplinary actions, hos-

---

1. Defendants in the instant action are the Municipality of Rio Grande, Emilio Rosa–Pacheco, in his official and individual capacities, and Hector Rosa–Cirilo in his individual capacity only. Co-defendants Rosa–Pacheco and Rosa–Cirilo, in their individual capacities, filed a motion to dismiss (Docket # 4). Thereafter, Co-defendants Municipality of Rio Grande and Rosa–Pacheco, in his official ca- pacity, filed a separate motion to dismiss join- ing Co-defendants Rosa–Pacheco's and Rosa– Cirilo's individual capacity motion to dismiss and asserting several arguments of their own (Docket # 14). Plaintiffs have filed opposi- tions to both motions to dismiss and Co- defendants have filed separate reply briefs. We will consider both motions to dismiss jointly.

tile work environment, harassment, lack of reasonable accommodation and suspensions without pay (Docket # 1). Plaintiffs have sued Co-defendants Emilio Rosa–Pacheco, Mayor of the Municipality of Rio Grande, in his personal and official capacities, Hector Rosa–Cirilo, Administrative Officer of the Municipality, in his personal capacity only, and the Municipality of Rio Grande.

**Standard of Review**

In assessing whether dismissal for failure to state a claim is appropriate, "the trial court, must accept as true the well-pleaded factual allegations of the complaint, draw all reasonable inferences therefrom in the plaintiff's favor, and determine whether the complaint, so read, limns facts sufficient to justify recovery on any cognizable theory." *LaChapelle v. Berkshire Life Ins. Co.*, 142 F.3d 507, 508 (1st Cir.1998) (citations omitted). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–6, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), *quoted in Davis v. Monroe County Bd. of Educ.*, 526 U.S. 629, 654, 119 S.Ct. 1661, 143 L.Ed.2d 839 (1999). *See also Correa–Martínez v. Arrillaga–Beléndez*, 903 F.2d 49, 52 (1st Cir. 1990) (dismissal for failure to state a claim is warranted "only if it clearly appears, according to the facts alleged, that the plaintiff cannot recover on any viable theory.").

But "[a]lthough this standard is diaphanous, it is not a virtual mirage." *Berner v. Delahanty*, 129 F.3d 20, 25 (1st Cir.1997) (*quoting Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 515 (1st Cir.1988)). In order to survive a motion to dismiss, "a complaint must set forth 'factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory.'" *Id.*

In judging the sufficiency of a complaint, courts must "differentiate between well-pleaded facts, on the one hand, and 'bald assertions, unsupportable conclusions, periphrastic circumlocution, and the like,' on the other hand; the former must be credited, but the latter can safely be ignored." *LaChapelle*, 142 F.3d at 508 (*quoting Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir. 1996)). *See also Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir.1999). Moreover, Courts "will not accept a complainant's unsupported conclusions or interpretations of law." *Wash. Legal Found. v. Mass. Bar Found.*, 993 F.2d 962, 971 (1st Cir. 1993).

**Applicable Law and Analysis**

Defendants have presented a plethora of arguments in their request for dismissal of Plaintiffs' claims, namely: (1) lack of standing of Co-plaintiff Victor M. Fuentes–López to sue under Section 1983; (2) Plaintiffs' claims under Section 1983 are time-barred; (3) the Municipality of Ro Grande and Co-defendant Rosa–Pacheco in his official capacity are entitled to Eleventh Amendment immunity from Section 1983 claims; (4) Co-plaintiff Figueroa–Garay has no proprietary interest; (4) Co-plaintiff Figueroa–Garay has no actionable equal protection claim; (5) Plaintiffs do not have a cause of action under Section 504 of the Rehabilitation Act against Co-defendants Rosa–Pacheco and Rosa–Cirilo in their personal capacities; (6) punitive damages are not recoverable under the Rehabilitation Act; and (7) punitive damages are not recoverable under Section 1983. *See* Dockets ## 4, 11, 14 & 20. We will address these arguments in that same order.

**I. Section 1983**

Section 1983 in itself does not confer substantive rights, but provides a venue

for vindicating federal rights elsewhere conferred. *See Graham v. M.S. Connor,* 490 U.S. 386, 393–394, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). In order to establish liability under Section 1983, a plaintiff must first show that "the conduct complained of was committed by a person acting under color of state law." *Parratt v. Taylor,* 451 U.S. 527, 535, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), *overruled on other grounds by Daniels v. Williams,* 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); *Gutiérrez–Rodríguez v. Cartagena,* 882 F.2d 553, 559 (1st Cir.1989); *Saugus v. Voutour,* 474 U.S. 1100, 106 S.Ct. 879, 88 L.Ed.2d 916 (1986); *Voutour v. Vitale,* 761 F.2d 812, 819 (1st Cir.1985).

Second, a plaintiff must show that the defendant's conduct deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States. *See Parratt,* 451 U.S. at 535, 101 S.Ct. 1908; *Gutiérrez–Rodríguez,* 882 F.2d at 559. This second prong has two aspects: (1) there must have been an actual deprivation of the plaintiff's federally protected rights; and (2) there must have been a causal connection between the defendant's conduct and the deprivation of the plaintiff's federal rights. *See Gutiérrez–Rodríguez,* 882 F.2d at 559; *Voutour,* 761 F.2d at 819. In turn, this second element of causal connection requires that the plaintiff establish: (1) for each defendant, that the defendant's own actions deprived the plaintiff of his/her protected rights, *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 694 n. 58, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Gutiérrez–Rodríguez,* 882 F.2d at 562; *Figueroa v. Aponte–Roque,* 864 F.2d 947, 953 (1st Cir.1989); and (2) that the defendant's conduct was intentional, *Simmons v. Dickhaut,* 804 F.2d 182, 185 (1st Cir.1986), grossly negligent, or amounted to a reckless or callous indifference to the plaintiff's constitutional rights. *See Gutiérrez–Rodríguez,* 882 F.2d at 562.

## A. Standing to Sue Under Section 1983

 In the instant case, Plaintiffs' federal claims arise out of the allegedly discriminatory acts of Defendants directed to Co-plaintiff Figueroa–Garay. Thus, Defendants have challenged Co-plaintiff Figueroa–Garay's spouse's and their conjugal partnership's standing to sue under Section 1983. The First Circuit case law is crystal clear to the effect that only the party whose civil rights have been violated may bring a claim pursuant to that Section. *See Judge v. City of Lowell,* 160 F.3d 67, 76 n. 15 (1st Cir.1998)("A section 1983 lawsuit is a personal action"). "Therefore, only the person toward whom the state action was directed, and not those incidentally affected, may maintain a § 1983 claim." *Pittsley v. Warish,* 927 F.2d 3, 8 (1st Cir.1991). *See also, Rodríguez–Oquendo v. Toledo–Dávila,* 39 F.Supp.2d 127, 131–32 (D.P.R.1999)("family members do not have an independent claim under § 1983 unless the constitutionally defective conduct or omission was directed at the family relationship"). Therefore, Defendants' request for dismissal of Co-plaintiffs Fuentes–López's and the Fuentes–Figueroa conjugal partnership's Section 1983 claims is hereby **GRANTED.** Accordingly, Co-plaintiffs Fuentes–López's and the Fuentes–Figueroa conjugal partnership's Section 1983 claims will be **DISMISSED WITH PREJUDICE.**

## B. Section 1983–Time Barred

 Section 1983 provides a venue for vindicating federal rights elsewhere conferred. *See Graham v. M.S. Connor,* 490 U.S. 386, 393–94, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). However, it does not contain a statute of limitations to govern those claims filed under it. It is well-settled that state-law statute of limitations governs suits in federal courts arising un-

der 42 U.S.C. § 1983. *Owens v. Okure*, 488 U.S. 235, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989). For such purposes, federal courts are to borrow the state law limitations period for personal injury suits. *Id.* Puerto Rico law imposes a one-year statute of limitations for tort actions arising out of the fault or negligence of a defendant. Art. 1868(2) of the Puerto Rico Civil Code, 31 P.R. Laws Ann. § 5298. Hence, actions brought in this district under § 1983 are subject to Article's 1868(2) one-year statute of limitations. *See Graffals–González v. García–Santiago*, 550 F.2d 687, 688 (1st Cir.1977); *Carreras–Rosa v. Alves–Cruz*, 127 F.3d 172, 174 (1st Cir. 1997); *Calero–Colón v. Betancourt–Lebrón*, 68 F.3d 1, 2 (1st Cir.1995) (*citing Wilson v. García*, 471 U.S. 261, 276–80, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985)); *Guzmán–Rivera v. Rivera–Cruz*, 29 F.3d 3, 4–5 (1st Cir.1994). The one year statutory period begins one day after the date of accrual. *Benitez–Pons v. Commonwealth of Puerto Rico*, 136 F.3d 54, 59 (1st Cir.1998) (*citing Carreras–Rosa*, 127 F.3d at 174).

▌ Although federal courts resort to state law to determine the length of the statute of limitations for § 1983 claims, federal law will determine the date of accrual. *See Muñiz–Cabrero v. Ruiz*, 23 F.3d 607, 610 (1st Cir.1994). Under federal law, "Section 1983 claims accrue when the plaintiff 'knows or has reason to know, of the injury on which is the basis of the action.'" *Calero–Colón*, 68 F.3d at 3 (*quoting Torres v. Superintendent of the Police*, 893 F.2d 404, 407 (1st Cir.1990) (citation omitted)). The doctrine is premised on the equitable notion that the statute of limitations should not begin to run until a reasonable person would be aware that his or her rights have been violated. *See Alldread v. City of Grenada*, 988 F.2d 1425, 1432 (5th Cir.1993).

The crux of this case is precisely from what date or act must we compute the statute of limitations to determine whether Co-plaintiff Figueroa–Garay's action is timely. Defendants contend that each and all the individual acts of alleged discrimination and constitutional violation in the complaint occurred more than a year prior to the filing of the instant complaint.[2] Therefore, Defendants argue that the date of accrual for Co-plaintiff Figueroa–Garay's claim for political discrimination is "sometime in the year 2001," when she first learned of the alleged "harassment scheme" against her (Docket # 4 at p. 9).

In contrast, Co-plaintiff Figueroa–Garay attempts to maintain her claims alive by seeking refuge under the continuing violation theory. On that vein, she claims that Defendants continue to discriminate against her. Specifically, Co-plaintiff Figueroa–Garay argues that in addition to the continued harassment experienced in her work environment, she was unjustifiably suspended without pay on two occasions: January 29, 2003[3] and July 31, 2003.

2. Based on the allegations of the complaint, the alleged discriminatory acts occurred during the time period between January 1, 2001 (when Mayor Rosa–Pacheco took office) to the present. The complaint in the instant case was filed on April 5, 2004 (Docket # 1 at pp. 4–10).

3. In the complaint Co-plaintiff Figueroa–Garay alleges that she was suspended from work without pay on June 13, 2003 and July 13, 2003 (Docket # 1 at 30–35). As to the first suspension, Co-plaintiff Figueroa–Garay avers that she was notified about the intention to suspend her on January 29, 2003 but was actually suspended on June 13, 2003. However, in her opposition to Defendants' motion to dismiss Plaintiff Figueroa–Garay alleges that the first suspension without pay took place on January 29, 2003. Because it does not alter our ruling on this motion, for purposes of this opinion, we will assume that the first suspension took place on the earliest of the two dates: January 29, 2003 (Docket # 4 at pp. 8–9).

Co-plaintiff Figueroa–Garay then proposes that she has pled a continuing pattern of discriminatory acts which are all actionable under the continuing violation theory. Co-plaintiff Figueroa–Garay also invokes the equitable doctrine of tolling in further support of her assertion that her claims are not time barred. To this end, Co-plaintiff Figueroa–Garay avers that the one-year statute of limitations in this case was tolled by the filing of an identical complaint against all Defendants on January 12, 2004 (Civil No. 04–1011(HL)).[4]

## I. Continuing Violation Theory

Although the continuing violation theory had its genesis in decisions interpreting Title VII of the Civil Rights Act of 1964, it has been applied to other contexts. *See Velázquez v. Chardón*, 736 F.2d 831, 833 (1st Cir.1984). The continuing violation doctrine "is often invoked in cases involving a pattern or policy of employment discrimination in which there has been no single act of discrimination sufficient to trigger the running of the limitations period." *Id.* In general terms, the doctrine creates an equitable exception to the statute of limitations because it allows recovery for claims filed outside of the statutory period when the unlawful behavior is deemed ongoing. *See Provencher v. CVS Pharmacy, Div. of Melville Corp.*, 145 F.3d 5, 14 (1st Cir.1998). To establish a continuing violation, the plaintiff "must allege that a discriminatory act occurred or that a discriminatory policy or practice existed" within the statutory period. *Muñiz–Cabrero v. Ruiz*, 23 F.3d 607, 610 (1st Cir.1994) (*quoting Johnson v. General Electric*, 840 F.2d 132, 137 (1st Cir.1988)(internal quotation omitted)).

■ There are two types of continuing violations: (1) serial; and (2) systemic. *See e.g., Crowley v. L.L. Bean, Inc.*, 303 F.3d 387, 405 (1st Cir.2002). The term serial violations refers to a number of discriminatory acts emanating from the same discriminatory animus, where each act constitutes a separate actionable wrong. *See Jensen v. Frank*, 912 F.2d 517, 522 (1st Cir.1990)("it is 'continuing' by virtue of the fact that it keeps happening"). Under this scenario, a plaintiff must demonstrate that at least one discriminatory act occurred within the limitations period. *Muñiz–Cabrero*, 23 F.3d at 610. There is a "critical distinction" between the occurrence of a discriminatory act and the later effects of that act. The fact that a plaintiff may be feeling the effects of some earlier discriminatory action is insufficient to bear its burden. *Id.; Johnson v. Rodriguez*, 943 F.2d 104, 108 (1st Cir.1991); *Goldman v. Sears, Roebuck & Co.*, 607 F.2d 1014, 1018 (1st Cir.1979) ("A continuing violation is not stated if all that appears from the complaint is that the plaintiff continues to suffer from the ongoing effects of some past act of discrimination.").

■ On the other hand, systemic violations "need not involve an identifiable discrete act of discrimination transpiring within the limitations period." *Jensen*, 912 F.2d at 523. A plaintiff's burden consists of demonstrating that he or she has been harmed by the application of a discriminatory policy or practice and that said policy or practice continues into the limitations period. *Id.* If the plaintiff can make this showing, the complaint is considered to be timely filed. *Rodriguez v. Frito Lay Snacks Caribbean*, 265 F.3d 15, 21 (1st Cir.2001). In the case at bar, Plaintiffs have not alleged nor is there any evidence of a systemic violation. Thus, we will analyze whether Co-plaintiff Figueroa–Garay's claims are saved by the serial violation branch of the continued violation doctrine.

---

4. Pursuant to Plaintiffs' notice of voluntary dismissal, the complaint in said case was dismissed without prejudice on March 24, 2004 (Civil No. 04–1011(HL) at Docket # 4).

■ The First Circuit has identified three criteria that should be considered when determining the sufficiency of a serial violation claim. *See O'Rourke v. City of Providence,* 235 F.3d 713, 731 (1st Cir. 2001) (acknowledging that these criteria are modeled after the test set forth in *Berry v. Bd. of Supervisors of L.S.U.,* 715 F.2d 971, 981 (5th Cir.1983)). These criteria are: (1) subject matter—"Is the subject matter of the discriminatory acts sufficiently similar that there is a substantial relationship between the otherwise untimely acts and the timely acts?" (2) frequency—"Are the acts isolated and discrete or do they occur with frequency or repetitively or continuously?" (3) permanence—"Are the acts of sufficient permanence that they should trigger an awareness of the need to assert one's rights?" *Id.* (citations omitted).

■ Of the factors above listed, the First Circuit has expressed that it considers permanence to be the most important. *Sabree v. United Bhd. of Carpenters and Joiners Local No. 33,* 921 F.2d 396, 402 (1st Cir.1990). "Permanence is basically an inquiry into what the plaintiff knew or should have known at the time of the discriminatory act." *Id.* Therefore, the crucial question for purposes of Co-plaintiff Figueroa–Garay's continuing violation claim in the case at bar is when and to what extent she was on notice of the alleged discrimination. *See Jensen,* 912 F.2d at 522.

Co-plaintiff Figueroa–Garay has alleged a series of discriminatory acts beginning on January 1, 2001 and continuing through the filing of the instant action. Said acts include: (1) sudden transfers to different work locations, (2) unannounced changes in work schedules, (3) being stripped of her duties and responsibilities, (4) unfounded and repeated threats of disciplinary measures, (5) unfounded disciplinary actions, (6) denied requests for reasonable accommodation, and (7) two incidents of suspensions without pay. *See* Dockets # 1 at pp. 4–10 & Docket # 4 at pp. 7–9. Co-plaintiff Figueroa–Garay contends that all of these acts constitute a serial violation. Therefore, if Plaintiff is correct, the alleged actions could be actionable if at least one of the discriminatory acts occurred within the limitations period. Co-plaintiff Figueroa–Garay avers that since the complaint filed in Civil No. 04–1011(HL) tolled the statute of limitations, all of the actions included in the instant complaint are actionable since they are part of a serial violation within the meaning of the continuing violation doctrine. Defendants argue that the alleged discriminatory acts are time-barred since they do not amount to a serial violation.[5]

In *Nat'l R.R. Passenger Corp. v. Morgan,* 536 U.S. 101, 122 S.Ct. 2061, 153 L.Ed.2d 106, the U.S. Supreme Court held that discrete acts such as "termination, failure to promote, denial of transfer, or refusal to hire" are considered separate incidents of discrimination not part of a series of violations. *Id.* at 114, 122 S.Ct. 2061. A discrete act has been defined as any event "which constitutes specific employment occurrences with the potential for concrete adverse consequences on the plaintiff's employment status." *Rojas v. Principi,* 326 F.Supp.2d 267, 276 (D.P.R. 2004). As such, said actions constitute separate actionable "unlawful employment practice[s]." *Nat'l R.R. Passenger,* 536 U.S. at 114, 122 S.Ct. 2061. Thus, "each

---

**5.** Defendants have inadvertently referred to Puerto Rico law in their analysis with respect to the date of accrual. However, it is well-settled that although we refer to state law in Section 1983 claims to determine the statute of limitations and tolling doctrine, federal law will determine the date of accrual. *Muñiz–Cabrero v. Ruiz,* 23 F.3d 607, 610 (1st Cir. 1994).

discrete discriminatory act starts a new clock for filing charges alleging that act." *Id.* at 112, 122 S.Ct. 2061. *See e.g., Rivera v. PRASA,* 331 F.3d 183, 188–89 (1st Cir. 2003). Following this precedent, it is evident that the two suspensions without pay allegedly suffered by Co-plaintiff Figueroa–Garay are discrete acts of discrimination. *See e.g., Ruiz–Sulsona v. U.P.R.,* 334 F.3d 157, 160 (1st Cir.2003) (holding that failure to renew a contract and failure to hire for a new position were discrete acts of discrimination); *Rivera–Torres v. Ortiz–Velez,* 306 F.Supp.2d 76, 84 (D.P.R. 2002) (holding that a suspension from employment constitutes a discrete act); *Rojas,* 326 F.Supp.2d at 275 (failure to select plaintiff for unannounced employment positions, written counseling, proposed admonishments and reprimands are all considered discrete acts of discrimination). Since we hold that a suspension without pay is a discrete act, for Co-plaintiff Figueroa–Garay to have an actionable claim in respect to all the other alleged incidents of harassment and political discrimination that took place prior to the alleged suspensions, one of those incidents would have had to occur within the one-year statute of limitations. Assuming *arguendo* that all of the alleged discriminatory acts, with the exception of the two suspensions without pay, are part of a serial violation, as alleged by Co-plaintiff Figueroa–Garay, a claim for said discriminatory acts is time-barred given that none of those incidents took place one-year prior to the filing of Co-plaintiff Figueroa–Garay's first complaint.[6] Accordingly, we find that all of the past alleged discriminatory actions except for the two incidents of suspensions without pay are time-barred.

### ii. Tolling

Next, we must decide whether the first complaint filed by Co-plaintiff Figueroa–Garay in Civil No. 04–1011(HL) tolled the one-year statute of limitations for Co-plaintiff Figueroa–Garay's cause of action in relation to the alleged discriminatory suspensions without pay. Although not directly addressed by Defendants, Defendants suggest that the filing of the first complaint does not toll the statute of limitations to claim relief for the alleged suspensions without pay (Docket # 11 at p. 5 n. 1). Defendants further suggest that because the Municipality was not served with summons prior to the dismissal without prejudice of Co-plaintiff Figueroa–Garay's first complaint, the one-year statute of limitations could not have been tolled (Docket # 11 at p. 5 n. 1). We disagree.

The time period for filing a charge is subject to equitable doctrines such as tolling or estoppel. *See Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 393, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982). Pursuant to § 1988, Congress has specifically directed the courts to apply to § 1983 claims not only the analogous state statute of limitations but also the tolling rules. *See Chardón v. Fumero Soto,* 462 U.S. 650, 661, 103 S.Ct. 2611, 77 L.Ed.2d 74 (1983); *Bd. of Regents v. Tomanio,* 446 U.S. 478, 483–85, 100 S.Ct. 1790, 64 L.Ed.2d 440 (1980). This is so because, "the limitations

---

**6.** Upon carefully reviewing Plaintiffs' complaint, the Court cannot ascertain, with the exception of the two suspensions without pay, the specific dates in which the alleged discriminatory acts took place. Co-plaintiff Figuero–Garay merely states that the discriminatory acts began on January 1, 2001 and continue to the present. However, other than the suspensions without pay, Co-plaintiff Figueroa–Garay has not pled any specific discriminatory action which could have taken place one year prior to the filing of their first complaint. Therefore, the Court has no option but to assume that said alleged acts took place sometime prior to the alleged suspensions without pay in January 29 and July 31, 2003. *See* Docket # 1 at pp. 4–10.

period and the tolling provisions are set in balance." *Mouradian v. John Hancock Cos.*, 930 F.2d 972, 974 (1st Cir.1991). Accordingly, § 1983 claims may be effectively tolled by their institution before the courts, by an extrajudicial claim by the claimant, and/or by any act of acknowledgment of the same by the violator of the civil rights. *See,* Article 1873 of the Puerto Rico Civil Code, 31 P.R. Laws Ann. § 5303. Furthermore, the Puerto Rico Supreme Court has decided that the mere filing of a complaint tolls the statute of limitations regardless of whether process is served on the defendants. *Feliciano v. AAA,* 93 P.P.R. 655 (1966). *See e.g., Lozano v. Corona,* 186 F.Supp.2d 77, 79 (D.P.R. 2002) (holding that "[t]he tolling takes effect by the mere filing of the complaint—without regard to the service of process or the fact that court may eventually be found to lack jurisdiction—and lasts until the judicial proceedings have finally concluded.") (citations omitted); *Domenech v. Verges,* 69 F.2d 714, 717 (1st Cir.1934).

 Co-plaintiff Figueroa–Garay alleges that she was first suspended without pay for political discriminatory reasons on January 29, 2003. Co-plaintiff Figueroa–Garay further avers that the second suspension took place on July 31, 2003. Thus, it is evident that by filing her first complaint on January 12, 2004 the statute of limitations for claiming relief for the alleged discriminatory suspensions was tolled notwithstanding the fact that process was never served on Defendants. It follows that any subsequent discriminatory actions for which Co-plaintiff Figueroa–Garay is claiming relief in the instant action is also within the statute of limitations. Thus, per the discussion above, Defendants' request for dismissal of Co-plaintiff Figueroa–Garay's claims under Section 1983 as time-barred is hereby **GRANTED in part and DENIED in part.** Accordingly, Co-plaintiff Figueroa–Garay's Section 1983 claims relating to events that took place prior to January 12, 2003 (a year prior to the filing of the first complaint) will be **DISMISSED WITH PREJUDICE** and Co-plaintiff Figueroa–Garay's Section 1983 claims in relation to the alleged suspensions without pay and any subsequent discriminatory actions remain pending.

## C. Eleventh Amendment Immunity

The Eleventh Amendment to the United States Constitution provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. Am. XI. Although the Eleventh Amendment literally seems to apply only to suits against a State by citizens of another State, the Supreme Court has consistently extended the scope of this Amendment to suits by citizens against their own State. *See Board of Trustees of the Univ. of Alabama v. Garrett,* 531 U.S. 356, 121 S.Ct. 955, 962, 148 L.Ed.2d 866 (2001); *see also Kimel v. Fla. Bd. of Regents,* 528 U.S. 62, 72–73, 120 S.Ct. 631, 145 L.Ed.2d 522 (2000); *Hans v. Louisiana,* 134 U.S. 1, 15, 10 S.Ct. 504, 33 L.Ed. 842 (1890). Even though the Commonwealth of Puerto Rico is not a state, it enjoys the protection of the Eleventh Amendment. *See Jusino Mercado v. Commonwealth of Puerto Rico,* 214 F.3d 34 37 (1st Cir.2000); *Ortiz–Feliciano v. Toledo–Dávila,* 175 F.3d 37, 39 (1st Cir. 1999); *Futura Development v. Estado Libre Asociado,* 144 F.3d 7,12–13 (1st Cir. 1998); *Culebras Enterprises Corp. v. Rivera Rios,* 813 F.2d 506, 516 (1st Cir.1987); *Ramírez v. Puerto Rico Fire Service,* 715 F.2d 694, 697 (1st Cir.1983).

The Eleventh Amendment bar extends to governmental instrumentalities, which are an arm or "alter ego" of the State. *See Ainsworth Aristocrat Int'l Pty. Ltd. v. Tourism Co. of P.R.*, 818 F.2d 1034, 1036 (1st Cir.1987); *Ochoa Realty Corp. v. Faría*, 618 F.Supp. 434, 435 (D.P.R.1985); *Pennhurst State School Hospital v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984); *Mt. Healthy City School District v. Doyle*, 429 U.S. 274, 280–281, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977); *Ursulich v. Puerto Rico National Guard*, 384 F.Supp. 736, 737–738 (D.P.R. 1974). In addition, the Eleventh Amendment also protects state officials in their official capacity. The rationale behind this extension of the Eleventh Amendment protection is that a claim against a state official in his or her official capacity for monetary relief is an action for the recovery of money from the State. *Ford Motor v. Dept. of Treasury*, 323 U.S. 459, 65 S.Ct. 347, 89 L.Ed. 389 (1945); *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). Hence, a claim against a state official for monetary relief is, in essence, a claim against the State.

Furthermore, the Civil Rights Act provides a cause of action against "[e]very **person** who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law ..." 42 U.S.C. § 1983 (emphasis added). "The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." *Wyatt v. Cole*, 504 U.S. 158, 161, 112 S.Ct. 1827, 118 L.Ed.2d 504 (1992)(*citing Carey*

*v. Piphus*, 435 U.S. 247, 254–257, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978)).

▬ Therefore, Section 1983 provides a federal cause of action against **persons** who violate an individual's civil rights under color of state law. Not everyone, though, is a person under Section 1983. For example, the United States and federal agencies are not persons within the meaning of Section 1983. *Accardi v. United States*, 435 F.2d 1239 (3rd Cir.1970); *LaRouche v. City of New York*, 369 F.Supp. 565 (S.D.N.Y.1974); *Hoffman v. HUD*, 519 F.2d 1160 (5th Cir.1975). Furthermore, states, its instrumentalities, and its officials when sued in their official capacity, are not persons under Section 1983. *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989)(emphasis added); *Cheramie v. Tucker*, 493 F.2d 586 (5th Cir.1974). However, the U.S. Supreme Court in *Monell v. Dept. of Social Servs. of the City of New York*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611, unequivocally overruled its precedent in *Monroe v. Pape*, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961) by holding that municipalities are not protected by the Eleventh Amendment immunity and are, therefore, liable for damages under Section 1983. *Id.* at 690–91, 98 S.Ct. 2018. *See e.g., Metcalf & Eddy, Inc. v. PRASA*, 991 F.2d 935, 938–40 (1st Cir. 1993). It follows that municipalities and their officers are "persons" within the meaning of Section 1983.

▬ Co-plaintiff Figueroa–Garay has brought Section 1983 claims for money damages against Co-defendants Municipality of Rio Grande and Rosa–Pacheco in his official capacity. Per the discussion above, and pursuant to the definition of "person" under the Civil Rights Act, Defendants' argument for dismissal on the Eleventh Amendment immunity premise lacks merit (Docket # 14 at pp. 3–4). Accordingly,

Defendants' request for dismissal of Plaintiffs' causes of action for money damages under Section 1983 against Co-defendants Municipality and Rosa–Pacheco in his official capacity is hereby **DENIED.**

## D. Procedural Due Process

Under the Fourteenth Amendment of the United States Constitution, no State shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1.

■ In order to establish a procedural due process claim under 42 U.S.C. § 1983, a plaintiff must first prove that he or she has a property interest as defined by state law and, second, that defendants, acting under color of state law, deprived him or her of that property interest without a constitutionally adequate process. *See Mimiya Hosp., Inc. v. U.S. Dept. of Health & Human Servs.*, 331 F.3d 178, 181 (1st Cir.2003) ("It is well established that 'individuals whose property interests are at stake are entitled to notice and an opportunity to be heard.'") (*quoting Dusenbery v. United States*, 534 U.S 161, 167, 122 S.Ct. 694, 151 L.Ed.2d 597 (2002)); *see also Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 428, 102 S.Ct. 1148 (1982); *PFZ Properties, Inc. v. Rodríguez*, 928 F.2d 28, 30 (1st Cir.1991). Moreover, property interests are not created by the Constitution; "they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law." *Bd. of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972).

■ The U.S. Supreme Court has delineated the three factors which must be balanced to determine what process is constitutionally due: (1) the private interest that will be affected by the official action; (2) the risk of an erroneous deprivation of such interest through the procedures used; and (3) the Government's interest. *Gilbert v. Homar*, 520 U.S. 924, 931, 117 S.Ct. 1807, 138 L.Ed.2d 120 (1997) (*quoting Mathews v. Eldridge*, 424 U.S. 319, 335, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976)).

■ Under Puerto Rico law and according to First Circuit precedents a government career employee, who does not hold a policymaking position, has a proprietary interest in his/her employment. *Torres–Rosado v. Rotger–Sabat*, 335 F.3d 1, 11 (1st Cir.2003). However, Defendants argue that since Co-plaintiff Figueroa–Garay has not been terminated from her employment, she has not been deprived of any proprietary interest. As such, Defendants aver that Co-plaintiff Figueroa–Garay's due process claims must be dismissed (Docket # 4 at p. 5). Co-plaintiff Figueroa–Garay counter argues that her multiple suspensions without pay and without a proper hearing constitute actionable due process violations (Docket # 9 at p. 4).

In *Gilbert* the U.S. Supreme Court rejected a categorical rule imposing constitutional due process requirements on suspensions without pay. *Id.* at 929–30, 117 S.Ct. 1807. However, the plaintiff in said case was a police officer who had been charged with a felony. The Supreme Court thus concluded that the state had a significant interest in expeditiously suspending said employee without a prior hearing since he held a position which involved great public trust. *Id.* at 933, 117 S.Ct. 1807. However, as Defendants correctly point out, this determination requires a case by case analysis (Docket # 11 at p. 2). *See e.g., Santiago v. Fajardo*, 70 F.Supp.2d 72, 75 n. 1 (D.P.R.1999) (stating that "*quaere* whether summary suspensions without pay are entitled to due process protection"). Accordingly, taking all of Plaintiffs' claims as true and without further discovery in this case, we cannot categorically hold that Co-plaintiff

Figueroa–Garay was not entitled to due process (i.e. an explanation of the employer's evidence, adequate notice and an opportunity to be held) prior to being suspended without pay. Thus, Defendants' request for dismissal of Co-plaintiff Figueroa–Garay's due process claims is hereby **DENIED**.

### E. Equal Protection

■ The party who asserts that governmental action violates the Equal Protection Clause must show that she is "the victim of intentional discrimination." *Tex. Dept. of Cmty. Affairs v. Burdine*, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). In order to state a claim under the Equal Protection Clause, Co-plaintiff Figueroa–Garay must prove not only that Defendants were aware of her membership in a protected group, but also that they acted **because** of it. *See Pers. Adm'r v. Feeney*, 442 U.S. 256, 279, 99 S.Ct. 2282, 60 L.Ed.2d 870 (1979).

Co-plaintiff Figueroa–Garay alleges that she belonged to a group of individuals who supported the former New Progressive Party ("NPP") Mayor in the NPP primaries against the actual Mayor, Co-defendant Rosa–Pacheco (Docket #1 at 12–13). Co-plaintiff Figueroa–Garay further avers that she supported Co-defendant Rosa–Pacheco's adversary "openly and publicly" (Docket #1 at 13). However, as Defendants correctly argue, Co-plaintiff Figueroa–Garay's equal protection claim, as alleged, undoubtedly arises out of the alleged violation of her First Amendment rights. As such, Co-plaintiff Figueroa–Garay's equal protection claims must be **DISMISSED WITH PREJUDICE**. *See Nestor Colón Medina & Sucesores, Inc. v. Custodio*, 964 F.2d 32, 44 (1st Cir.1992)(declining to apply equal protection analysis since the plaintiff's equal protection claim arose out of the violation of his First Amendment rights).

## II. Other Claims

### A. Rehabilitation Act Claims Against Co-defendants' Personal Capacities

■ Next, Defendants argue that Plaintiffs' Rehabilitation Act claims against Co-defendants Rosa–Pacheco and Rosa–Cirilo, in their individual capacities, must be dismissed because the Rehabilitation Act only provides remedies against the government employer (i.e. the Municipality of Ro Grande) (Docket #11 at p. 9). Plaintiffs have failed to oppose said argument.

Neither the First Circuit Court of Appeals nor the U.S. Supreme Court has decided whether individual/personal liability may be attached to agents or supervisors under Title VII, the Americans with Disabilities Act (ADA), the Age Discrimination in Employment Act (ADEA) or the Rehabilitation Act. *Castro Ortiz v. Fajardo*, 133 F.Supp.2d 143, 150 (D.P.R.2001). *See e.g., Serapion v. Martinez*, 119 F.3d 982, 992 (1st Cir.1997); *Oliveras–Sifre v. P.R. Dept. of Health*, 214 F.3d 23, 27 (1st Cir.2000). However, this District has consistently held that, absent clear direction from the First Circuit or the Supreme Court, it continues to follow the majority of circuits in holding that no such personal liability may be imposed. *Id.* at 150–51 (string citations omitted). Thus, Defendants' request for dismissal of Plaintiff's Rehabilitation Act claims against Co-defendants Rosa–Pacheco and Rosa–Cirilo in their individual capacities is hereby **GRANTED**. Accordingly, Plaintiffs' Rehabilitation Act claims against Co-defendants Rosa–Pacheco and Rosa–Cirilo in their individual capacities will be **DISMISSED WITH PREJUDICE**.

### B. Punitive Damages

Defendants further request dismissal of Plaintiffs' claims for punitive damages pur-

suant to Section 1983 and the Rehabilitation Act (Docket # 14 at pp. 4–5 & Docket # 20 at p. 4).

## I. Section 1983

It is well settled that punitive damages may be awarded under Section 1983 where "the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Powell v. Alexander*, 391 F.3d 1, 16 (1st Cir.2004) (*quoting Smith v. Wade*, 461 U.S. 30, 56, 103 S.Ct. 1625, 75 L.Ed.2d 632 (1983)). Although the First Circuit had held that the issue of whether punitive damages are warranted is a question of law, we hold that at this stage and without further discovery we are not in the position to make a determination as to whether Defendants' acted in a reckless manner, with callous indifference or evil intent. Thus, Defendants' request for dismissal of Plaintiffs' claims for punitive damages under Section 1983 is hereby **DENIED.**

## ii. Rehabilitation Act

 It is well-settled that punitive damages are not available for Rehabilitation Act claims. *Nieves–Marquez v. The Commonwealth of Puerto Rico*, 353 F.3d 108, 126 (1st Cir.2003). *See also Castro Ortiz*, 133 F.Supp.2d at 151 (holding that governmental agencies are exempt from punitive damages under the ADA). Therefore, Defendants' request for dismissal of Plaintiffs' claims for punitive damages under the Rehabilitation Act is hereby **GRANTED.** Accordingly, Plaintiffs' claims for punitive damages under the Rehabilitation Act will be **DISMISSED WITH PREJUDICE.**

## Conclusion

For the reasons set herein, Defendants' motions to dismiss are **GRANTED in part and DENIED in part.** Consequently, all of Co–Plaintiffs Fuentes–López's and the Fuentes–Figueroa conjugal partnership's Section 1983 claims are **DISMISSED WITH PREJUDICE.** Co-plaintiff Figueroa–Garay's Section 1983 claims relating to events that occurred prior to January 12, 2003 and equal protection claims are **DISMISSED WITH PREJUDICE.** Plaintiffs' Rehabilitation Act claims against Co-defendants Rosa–Pacheco and Rosa–Cirilo in their personal capacities and claims for punitive damages under the Rehabilitation Act are **DISMISSED WITH PREJUDICE.** All other claims remain pending. Partial Judgment shall be entered accordingly.

**SO ORDERED.**