**Hilda ORTIZ–FELICIANO, et al., Plaintiffs, Appellants,**

v.

**Pedro A. TOLEDO–DAVILA, et al., Defendants, Appellees.**

**No. 98–1961.**

United States Court of Appeals, First Circuit.

Submitted April 8, 1999.

Decided April 16, 1999.

---

Santiago Mari Roca on brief for appellants.

Osvaldo H. Puig–Hernandez and Smith & Nevares on brief for defendant, appellee José A. Fuentes–Agostini.

Before BOUDIN, Circuit Judge, BOWNES, Senior Circuit Judge, and LYNCH, Circuit Judge.

BOUDIN, Circuit Judge.

In December 1994, the plaintiffs, all residents of Lajas, Puerto Rico, filed this civil action in the district court asserting claims under 42 U.S.C. § 1983. Two of the plaintiffs are sisters and the gist of the complaint was that they had been wrongfully arrested at the apartment of one of the two; the co-plaintiffs were the husband of one of the sisters and the children of the other. The defendants were all individual police officers who participated in the arrests or were allegedly responsible for supervision of the officers directly involved.

Although Puerto Rico itself was not named as a defendant, its Secretary of Justice provided legal counsel for the defendants, as permitted by Puerto Rico law. *See* P.R. Laws Ann. tit. 32, §§ 3085–87. Following a trial in 1996, the jury found six of the seven defendants liable for violating the civil rights of the plaintiffs, and awarded compensatory damages to each plaintiff (the range was $1,000 to $14,000). The jury also awarded punitive damages to each plaintiff ($1,000 to one and $2,000 to the other four), finding that the defendants' conduct was shocking and offensive to the conscience.

The judgment awarding $43,000 was entered in August 1996. In January 1997, the district judge added $27,000 in attorney's fees. In March 1997, the Secretary of Justice notified the six defendants held liable by the jury that they would not be indemnified by Puerto Rico for the judgment against them. Puerto Rico law permits the Secretary to indemnify for judgments but specifically excludes cases "when inexcusable neglect intervenes." P.R. Laws Ann. tit. 32, § 3088(c). The Secretary said that the jury's determination showed lack of good faith and inexcusable negligence on the part of the defendants.

An administrative proceeding then ensued, apparently brought by the defendants to contest this ruling. After a hearing, the Secretary again concluded that the defendants were not entitled to indemnifi- · cation under the statute and applicable regulations. Although it appears that the Secretary's ruling is subject to review in the local courts, there is no indication as to whether the defendants sought review. What is clear is that they did not pay the judgment in the present case.

Although Puerto Rico was not a party to the section 1983 action, the plaintiffs nevertheless filed a motion in this case in February 1998, requesting the district court to order the Secretary of Justice to satisfy the judgment against the individual defendants. The plaintiffs' theory was that the Secretary was obliged to indemnify the defendants and that plaintiffs were entitled to the benefit of these payments. As authority for the district court to address the issue, plaintiffs relied upon the All Writs Act, 28 U.S.C. § 1651.

The Secretary objected to the motion, asserting that the Eleventh Amendment barred an award of damages against Puerto Rico when it had not consented to be sued. In an opinion and order entered in June 1998, the district court denied the plaintiffs' motion and dismissed the supplementary proceeding against the Secretary. The court ruled that the motion was in effect one seeking the payment of funds by · the Commonwealth, that the Eleventh Amendment barred such an action in federal court absent waiver, and that none of the events relied on by the plaintiffs constituted such a waiver.

The plaintiffs now appeal and we affirm. Nothing plaintiffs have said counters the district court's conclusion that the motion in substance seeks a money judgment against the Commonwealth. This circuit has already decided that the Commonwealth is protected by the Eleventh Amendment to the same extent as any state, and the panel is governed by that ruling. *See Metcalf & Eddy, Inc. v. Puerto Rico Aqueduct and Sewer Auth.*, 991 F.2d 935, 939 n. 3 (1st Cir.1993). Thus, the only question worth discussing is

whether there has been a waiver of Eleventh Amendment immunity.

■ The indemnification provisions of Puerto Rico law certainly do not comprise such a waiver. Puerto Rico law permits an official, charged in a civil rights action relating to official duties, to "request" legal representation by the Commonwealth and it permits the Commonwealth "subsequently" to assume payment of any judgment. P.R. Laws Ann. tit. 32, § 3085. It also provides that the Secretary shall decide in which cases the Commonwealth shall assume representation and "subsequently, after considering the findings of the court or which arise from the evidence presented," whether it is "in order" to pay the judgment. *Id.* § 3087.

Only limited standards are provided for granting or refusing indemnification, but they go to the merits of the Secretary's decision, which we do not reach.[1] However, the Eleventh Amendment issue is addressed directly by the section, P.R. Laws Ann. tit. 32, § 3085, which permits the request for indemnification in civil rights actions; it says that its provisions "shall not be construed ... as a waiver of the sovereign immunity of the Commonwealth." *Id.* The only remedy provided for reviewing the refusal of the Secretary to order indemnification is by "petition for review" before "the Superior Court" limited solely to questions of law. *Id.* § 3087.

■ There is thus no express waiver of the Eleventh Amendment ban against suit in federal court. *See In re Secretary of Dep't of Crime Control,* 7 F.3d 1140, 1144–48 (4th Cir.1993) (similar statute). As for implied waiver, it arises only "by

such overwhelming implication ... as [will] leave no room for any other reasonable construction." *Atascadero State Hosp. v. Scanlon,* 473 U.S. 234, 239–40, 105 S.Ct. 3142, 87 L.Ed.2d 171 (1985) (quoting *Edelman v. Jordan,* 415 U.S. 651, 673, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974)) (brackets in original). Consent to suit or review in the Commonwealth's own courts is not enough. *See Great Northern Life Ins. Co. v. Read,* 322 U.S. 47, 54, 64 S.Ct. 873, 88 L.Ed. 1121 (1944). Indeed, even a state's "general waiver" of sovereign immunity does not remove the bar of the Eleventh Amendment. *Atascadero,* 473 U.S. at 241. In such cases, a claim may exist but it would not be enforceable in federal court.

■ In this case, the acts said to constitute an implied waiver fall pitifully short. Plaintiffs say that the Secretary provided counsel for the defendants in the jury trial, but the Commonwealth entered no appearance of its own and providing legal aid to another is not a consent to be sued.[2] Similarly, it does not matter whether the Secretary erred in refusing to indemnify the defendants; even if the Secretary *agreed* to indemnify them, the Eleventh Amendment would still bar a claim by the plaintiffs against the Commonwealth in federal court.

The plaintiffs urge that the Secretary was required to decide within 30 days of the jury verdict whether to indemnify the defendants, *see* Regulation 4071, Articulo X(c) (September 8, 1989), and failed to act within that period. It is not clear that under Puerto Rico law this error, if it occurred, creates an obligation to indemni-

---

1. The statute purports to require indemnification only where the judgment arises out of conduct that the Secretary approved in advance. Indemnification is forbidden in certain other cases, including "inexcusable negligence." P.R. Laws Ann. tit. 32, § 3088.

2. The plaintiffs cite as contrary precedent a case from the Puerto Rico Court of Appeals, *Garcia v. E.L.A.,* 96 T.C.A. 3:19 (September 11, 1995). Although its language might be

read out of context to support their position, the case is concerned not with waiver of an Eleventh Amendment objection but with a quite different issue, namely, whether under Puerto Rico law the dollar limits on waivers of sovereign immunity for judgments against state employees in their official capacity limit judgments against state employees in their private capacity when the state has agreed to indemnify the employees.

fy that would not otherwise exist. But in any case the remedy would be a review action by the defendants in the Superior Court. *See* P.R. Laws Ann. tit. 32, § 3087. Nothing in the alleged delay implies, let alone clearly states, that Puerto Rico consents to be sued in federal court.

In their brief in this court, the plaintiffs have re-framed their objection to the delay as if the delay were an independent violation of the Constitution. The argument was seemingly not made in the district court and is therefore waived. *See Equine Technologies, Inc. v. Equitechnology, Inc.,* 68 F.3d 542, 546 (1st Cir.1995). In any case, there is nothing to support the claim that the delay violated the Constitution, *see Coniston Corp. v. Village of Hoffman Estates,* 844 F.2d 461, 467 (7th Cir.1988) (a violation of state law is not, without more, a denial of due process of law), and, if any claim existed, it would belong to the defendants and not to the plaintiffs.

*Affirmed.*