# United States Court of Appeals

## For the First Circuit

No. 06-1567

JUSTINO ACEVEDO-LUIS,

Plaintiff, Appellant,

v.

MERCEDES PAGÁN, in her personal capacity and in her official
capacity as Aguadilla Regional Director, Family Department,

Defendant, Appellee,

YOLANDA ZAYAS, in her personal capacity and in her official
capacity as Secretary, Department of the Family,

Defendant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Justo Arenas, U.S. Magistrate Judge]

Before

Boudin, Chief Judge,
Torruella and Lynch, Circuit Judges.

Israel Roldán González on brief for appellant.
Susana I. Peñagarícano-Brown, Assistant Solicitor General,
Salvador J. Antonetti-Stutts, Solicitor General, Mariana D.
Negrón-Vargas, Deputy Solicitor General, Maite D. Oronoz-
Rodríguez, Deputy Solicitor General, on brief for appellee.

February 21, 2007

**LYNCH**, **Circuit Judge**.    Plaintiff Justino Acevedo-Luis brought suit pursuant to 42 U.S.C. § 1983, claiming a violation of his First Amendment rights.  The case was tried before a jury, and there was testimony that Mercedes Pagán, an official in the Puerto Rico Family Department, transferred Acevedo-Luis to a new job where he had very little to do.  Throughout, the Family Department retained plaintiff on its payroll.  Based on these and other facts, the jury concluded that Pagán had engaged in political discrimination against Acevedo-Luis, see Rutan v. Republican Party of Ill., 497 U.S. 62, 75 (1990), but it also concluded that Acevedo-Luis had suffered no compensatory damages.  The jury did award punitive damages in the amount of $5,000.

Unhappy with this outcome, Acevedo-Luis appeals, contending that there were three different errors which led to the paucity of the jury award.  He argues that the district court[1] erred: (1) in failing to give a proffered jury instruction that any injury to First Amendment rights must be deemed to be "irreparable injury" for purposes of determining a compensatory damages award; (2) in instructing the jurors that they may consider the financial resources of the defendant in fixing the amount of punitive damages; and (3) in denying his motion for a new trial for damages under Rule 59 of the Federal Rules of Civil Procedure.

---

[1] With the consent of the parties, the case was tried before a magistrate judge; we shall use the term "district court."

-2-

In an opinion and order dated February 28, 2006, the district court explained its reasons for rejecting each of these claims. We affirm.

I.

A brief statement of the background facts suffices. Testimony at trial established that Acevedo-Luis was a member of the New Progressive Party. He started working at the Family Department in July 1978 as a career employee. He gradually worked his way up through the ranks, ultimately assuming the position of Local Director in the San Sebastián, Puerto Rico, office. Plaintiff had about 90 to 98 people working under him, and he supervised the work of other local supervisors, as well as the work of service providers to the public.

Acevedo-Luis was not the only Family Department official at his level in San Sebastián. In fact, the Family Department maintained two local offices there: San Sebastián I and San Sebastián II. Plaintiff was in charge of San Sebastián II and Juan Sotomayor was head of San Sebastián I. Sotomayor had been placed in his position by virtue of a court order requiring his reinstatement.

The two offices were integrated in April 2002 as a result of a departmental reorganization. Sotomayor became head of the integrated San Sebastián office. On May 6, 2002, Acevedo-Luis

learned that defendants Mercedes Pagán and Yolanda Zayas[2] had ordered that he be transferred to the office in Aguadilla. Both Pagán and Zayas were members of the Popular Democratic Party. At the time Acevedo-Luis was transferred, there was at least one vacant director position available in a nearby area.

Before his arrival in Aguadilla, Acevedo-Luis had been informed that he would receive new orders and be assigned new duties in the Aguadilla office. But after he reported to his new job, he was assigned no substantive tasks, had no one to supervise, was given no office space, and had only a few menial duties. Other witnesses confirmed this. Acevedo-Luis testified that he felt humiliated and useless, but he offered no medical or expert testimony as to his emotional distress. He also did not offer evidence of any economic damages.

On October 14, 2005, after spending approximately three and one-half years at the Aguadilla office, plaintiff was relocated to an office in Aguada. There he apparently performed real work. He testified that, during the time he was assigned to Aguadilla, he

_____

[2] By the time this case went to trial, both Pagán and Zayas were defendants only in their personal capacities, as the district court had dismissed the case against them in their official capacities on the grounds of Eleventh Amendment immunity. Additionally, before submitting the case to the jury, the court granted defendant Zayas's Rule 50 motion for judgment as a matter of law, with the result that the personal capacity case against her was dismissed as well. On appeal, Acevedo-Luis does not challenge any of these dismissals. His appeal is concerned only with his claim against defendant Pagán in her personal capacity. That was the sole claim submitted to the jury.

-4-

had been doing nothing because he was a member of the New Progressive Party.

We turn to his appeal.

## II.

A. <u>The Jury Instructions on First Amendment Damages</u>

Acevedo-Luis requested a jury instruction stating that any violation of his First Amendment rights constituted irreparable injury. He believed this would have aided the jurors in their calculation of compensatory damages. To support his claim, Acevedo-Luis cited language in <u>Elrod</u> v. <u>Burns</u>, 427 U.S. 347 (1976), stating that "[t]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." <u>Id.</u> at 373.

The district court rejected the instruction. It noted that while the language accurately described one of the requirements for a <u>preliminary injunction</u> in a First Amendment case, <u>see</u> <u>id.</u>, it would not be helpful to a jury in determining the <u>compensatory damages</u> for a First Amendment violation.

In essence, Acevedo-Luis's argument is that he is entitled to an instruction that compensatory damages must be awarded whenever a jury finds a First Amendment violation. But the law is exactly the opposite. It is usually the case that "no compensatory damages may be awarded in a § 1983 suit absent proof of actual injury." <u>Farrar</u> v. <u>Hobby</u>, 506 U.S. 103, 112 (1992); <u>see</u>

also <u>Carey</u> v. <u>Piphus</u>, 435 U.S. 247, 264 (1978).  The Supreme Court has held that in § 1983 actions, such as this, "damages based on the abstract 'value' or 'importance' of constitutional rights are not a permissible element of compensatory damages." <u>Memphis Cmty. Sch. Dist.</u> v. <u>Stachura</u>, 477 U.S. 299, 310 (1986).  We have similarly rejected any argument that the importance of the interests at stake requires that there be an award of damages.  <u>See</u> <u>Azimi</u> v. <u>Jordan's Meats, Inc.</u>, 456 F.3d 228, 234 (1st Cir. 2006).

To the extent plaintiff is making an argument that he is entitled to at least nominal damages, he did not request a nominal damages instruction from the district court and did not raise the issue until after the jury was discharged.  Plaintiff thus forfeited,[3] and most likely waived, any claim for nominal damages. <u>See</u> <u>id.</u> at 240; <u>see</u> <u>also</u> Fed. R. Civ. P. 51(c).

The district court was also correct in concluding that the elements of compensatory damages, including emotional distress damages, were adequately covered by other instructions on the manner in which damages were to be considered and determined.  As

---

[3] The failure to issue a nominal damages instruction was not plainly erroneous.  <u>See</u> <u>Azimi</u>, 456 F.3d at 239 (explaining that, thus far, this circuit has only required nominal damages for procedural due process claims).  Moreover, in this case a nominal damages award does not affect rights important enough to require reversal under plain error review.  <u>See</u> <u>Alexander</u> v. <u>Riga</u>, 208 F.3d 419, 429 (3d Cir. 2000) (holding that a court's failure to rectify an error on nominal damages would not result in a "miscarriage of justice" because only one dollar was at stake); <u>cf.</u> <u>Barnett</u> v. <u>Luther</u>, 2 F. Cas. 879, 880 (C.C.D. Mass. 1853) (No. 1,025).

to pain and suffering, the court instructed the jury that no evidence of monetary value of such intangible things needed to be introduced into evidence. The plaintiff's proffered instruction about irreparable injury could have caused confusion or misled the jury, and the court properly declined to give it. See White v. N.H. Dep't of Corrs., 221 F.3d 254, 263 (1st Cir. 2000).

B.        The Jury Instructions on Punitive Damages

The court also committed no error in instructing the jurors that they could consider Pagán's financial resources, in her personal capacity, in fixing the amount of punitive damages. The plaintiff's argument is that this instruction was misleading because it was possible that Puerto Rico would indemnify the defendant under a statute commonly referred to as "Law 9." See P.R. Laws Ann. tit. 32, §§ 3085-3092.

It was entirely proper to instruct the jury that it could consider the defendant's financial worth in assessing punitive damages. See City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 269 (1981); see also 4 L. Sand et al., Modern Federal Jury Instructions, Instruction 77-5 & n.21 (collecting cases).

Additionally, here the court correctly rejected plaintiff's argument on the ground that indemnity under Law 9 is neither required nor always available. Indeed, the Commonwealth is not required to pay indemnity when there is a punitive damages award or judgment. See Ortiz-Feliciano v. Toledo-Davila, 175 F.3d

-7-

37, 39 (1st Cir. 1999); id. at 40 n.1 (discussing the narrow circumstances, inapplicable here, in which Law 9 says it requires indemnification); Ortiz Feliciano v. Estado Libre Asociado de P.R., 158 P.R. Dec. 62, 72 (P.R. 2002) (per curiam) (stating that Law 9 gives the Secretary of Justice discretion to indemnify officials); see also P.R. Laws Ann. tit. 32, § 3085 (stating that a Commonwealth employee "may request the Commonwealth of Puerto Rico . . . to subsequently assume the payment of any judgment that may be entered against his person" (emphasis added)); id. § 3087 (stating that the Secretary of Justice "shall determine whether it is in order to pay the full judgment imposed"). Further, indemnification is not allowed at all where there is inexcusable negligence or certain other conditions. Ortiz-Feliciano, 175 F.3d at 40 n.1; see also P.R. Laws Ann. tit. 32, § 3088.

C.        The Motion for a New Trial

This leaves the contention that the district court erred in denying a new trial on damages. We review the district court's ruling on the new trial motion only for clear abuse of discretion. Azimi, 456 F.3d at 235; Ahern v. Scholz, 85 F.3d 774, 780 (1st Cir. 1996). The district court may grant such a motion only if "the verdict is against the clear weight of the evidence, such that letting it stand would result in a miscarriage of justice." Valentín-Almeyda v. Municipality of Aguadilla, 447 F.3d 85, 104 (1st Cir. 2006).

-8-

The district court's refusal to grant a new trial was entirely understandable. Plaintiff suffered no out-of-pocket-loss during his three and one-half years of exile into a make-work job. Further, as to mental and emotional distress, non-economic damages must be proven, and the proof of such damages is distinct from the proof required to show discrimination. See Azimi, 456 F.3d at 235. The only testimony plaintiff offered regarding emotional distress damages was his own testimony about feeling useless and humiliated. The jury was not required to accept his uncorroborated testimony. Id. at 235-37.[4]

Acevedo-Luis points out that no evidence was offered as to Pagán's ability to pay. Nonetheless, in this case the conservative damages award of $5,000 against a public official was reasonable.

The judgment is affirmed. No costs are awarded on appeal.

---

[4] Acevedo-Luis does not argue that the jury verdict was inconsistent insofar as it awarded punitive damages while simultaneously awarding zero compensatory damages.