**Rafael E. RIVERA–OQUENDO,**
**Plaintiff,**

v.

**Mayor Lemuel SOTO–SANTIAGO,**
**et al., Defendants.**

**Civil No. 06–1310 (FAB).**

United States District Court,
D. Puerto Rico.

March 27, 2008.

Nydia Gonzalez–Ortiz, Santiago & Gonzalez Law Office, Yauco, PR, for Plaintiff.

Gary H. Montilla–Brogan, Aldarondo & Lopez Bras, Guaynabo, PR, Joy C. Vilardi–Rizzuto, P.R. Department of Justice–Federal Litigation, San Juan, PR, for Defendants.

## OPINION AND ORDER

BESOSA, District Judge.

On September 11, 2007, the jury returned a verdict in favor of plaintiff, awarding no compensatory damages, but awarding punitive damages in the amount of $500.00. (Docket No. 49) The jury found that the plaintiff was subjected to an adverse employment action because "his working conditions were unreasonable inferior to the norm for his position". *Id.* The jury found, however, that plaintiff's political affiliation was not the motivating factor for the adverse employment action.

### 1. *The Parties' Motions*

Pending before the Court is Plaintiff's Motion Requesting entry of Judgment and

Motion *in Additur* (Docket No. 46), which defendants opposed (Docket No. 54).

### a. *Plaintiff's Motion in additur*

In his two-paragraph motion, devoid of any legal analysis, plaintiff asserts that the award of $500.00 in punitive damages is "grossly inadequate, against [sic] the law and does not respond truly to the real merits of the controversies on the evidence submitted". (Docket No. 46, p. 1) It is unclear, however, whether plaintiff is asking the court to supplant the jury's role and adjudicate compensatory damages or to substitute its own judgment for that of the jury and increase the $500.00 punitive damages award. Plaintiff's request is not properly supported; that is enough to deny his request. The court will consider plaintiff's motion, however, as an attempt to obtain compensatory damages because the jury found that plaintiff's working conditions were unreasonably inferior for the position he holds.

■ It is well-settled law that "no compensatory damages may be awarded in a section 1983 suit absent proof of actual injury." *Farrar v. Hobby,* 506 U.S. 103, 112, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992); *Carey v. Piphus,* 435 U.S. 247, 264, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978); *Acevedo–Luis v. Mercedes Pagan, et al.,* 478 F.3d 35, 38 (1st Cir.2007). In *Carey,* the Supreme Court rejected the arguments that injury should be presumed for the violation of a constitutional right and that damages should be awarded for a deprivation of a constitutional right regardless of whether any injury was caused. There is, therefore, no automatic entitlement to damages for a deprivation of constitutional rights. In fact, in section 1983 actions such as this one, "damages based on the abstract 'value' or 'importance' of constitutional rights are not a permissible element of compensatory damages." *Memphis Cnty. Sch. Dist. v. Stachura,* 477 U.S. 299, 310, 106 S.Ct. 2537, 91 L.Ed.2d 249 (1986); *Justino Acevedo,* 478 F.3d at 39.[1]

■ Plaintiff argues that because the jury found that his working conditions were unreasonably inferior to the norm for his position, it should have found that he suffered damages. That argument fails; his request for an award of compensatory damages must be denied. What the jury did find was that plaintiff's political affiliation was not the reason behind the adverse action. This finding clearly puts the case outside the purview of section 1983.

Plaintiff also argues that the jury's decision not to award him compensatory damages is against weight of the evidence. That argument is also misplaced. *See Quiñones–Pacheco v. American Airlines,* 979 F.2d 1, 4 (1st Cir.1992) (When "a reasonable jury could determine that the plaintiff failed to prove an essential element of his or her case, returning a "zero damages" verdict is acceptable and the non-award will be set aside only if manifest injustice is in prospect.")

Finally, it is clear that the jury in this case was adequately instructed about com-

---

1. In *Stachura* the court held that "nominal damages and not damages based on some undefinable 'value' of infringed rights, are the appropriate means of "vindicating" rights whose deprivation has not caused actual, probable injury. Even assuming *arguendo* that plaintiff is now asking for nominal damages, it is clear that he did not request a nominal damages instruction from the court and did not raise the issue until nine (9) days after the jury returned its verdict. Thus, plaintiff forfeited any claim for nominal damages. *See Campos–Orrego v. Rivera,* 175 F.3d 89, 99 (1st Cir.1999) ("[A] plaintiff may request the judge to instruct the jury on nominal damages, or in the absence of such an instruction, may ask the trial court for nominal damages on the occasion of, or immediately after, the return of the verdict.") *Id.*

pensatory damages, including the manner in which damages were to be considered and determined. Therefore, plaintiff's request is **DENIED.**

b. *Defendants' request to vacate the award of punitive damages*

■ In their opposition, defendants contend that the jury's award of $500.00 in punitive damages must be aside because no compensatory or nominal damages award was made. (Docket No. 54) Because plaintiff failed to oppose defendants' request, it will be considered as unopposed.

■ Punitive damages by definition are not intended to compensate the injured party, but rather to punish the *tortfeasor* whose *wrongful* action was intentional or malicious, and to deter him and others from similar extreme conduct. *City of Newport v. Fact Concerts, Inc.,* 453 U.S. 247, 266–67, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981) Thus, while punishment is not "as prominent a purpose under [section 1983] as are compensation and deterrence", punitive damages may be awarded "to punish **violations of constitutional rights.**" *Id.,* 453 U.S. at 268, 101 S.Ct. 2748. (emphasis added)

■ Most punitive damage awards are not supportable if they are not undergirded by a predicate award of either compensatory or nominal damages. *Kerr–Selgas v. American Airlines, Inc.,* 69 F.3d 1205, 1214 (1st Cir.1995) A section 1983 case premised on a constitutional violation, however, evokes different considerations. *Campos–Orrego v. Rivera,* 175 F.3d at 97 (1st Cir.1999)

Several courts have ruled persuasively that, as a matter of federal law, a punitive damage award **which responds to a finding of a constitutional breach** may endure even though unaccompanied by an award of compensatory damages.[2] *See e.g. Robinson v. Cattaraugus County,* 147 F.3d 153, 161 (2d Cir.1998) ("in § 1983 cases punitive damages may be awarded even in the absence of a compensatory award."); *King v. Macri,* 993 F.2d 294, 297–298 (2d Cir.1993); *Erwin v. County of Manitowoc,* 872 F.2d 1292, 1299 (7th Cir.1989). *See also, Acevedo Luis v. Mercedes–Pagan,* 419 F.Supp.2d 115, 126 (D.P.R.2006), *aff'd,* 478 F.3d 35 (1st Cir.2007)(A compensatory damages award was not required in employee's section 1983 political discrimination action, although the jury determined that the public employer **was** liable for discrimination, and awarded $5,000.00 in punitive damages).[3]

As explained by the Third Circuit Court of Appeals, the reason behind this rationale is that

... if it be once conceded that such additional damages may be assessed against the wrongdoer, and, when assessed, may be taken by the plaintiff,— and such is the settled law of the federal courts,—there is neither sense nor reason in the proposition that such additional damages may be recovered by a plain-

---

**2.** As the court expressed in *Campos–Orrego,* the *Kerr–Selgas* decision does not conflict with this rule because "that case involved a *statutory* claim, brought pursuant to 42 U.S.C. § 1981a, rather than a constitutional violation." *Campos–Orrego,* 175 F.3d at 97, n. 6.

**3.** While affirming the district court's decision that a punitive damages award of $5,000.00 against a public official was reasonable, the court of appeals expressed in a footnote that

the appellant did not argue that the jury was inconsistent because it awarded punitive damages while simultaneously not awarding any compensatory damages. *Acevedo–Luis,* 478 F.3d at 40, n. 4. Contrary to what the jury found in this case, however, in *Acevedo–Luis* the jury concluded that the defendant had engaged in political discrimination against the plaintiff.

tiff who is able to show that he has lost $10, and may not be recovered by some other plaintiff who has sustained, it may be, far greater injury, but is unable to prove that he is poorer in pocket by the wrongdoing of defendant. *Batista [Basista] v. Weir,* 340 F.2d 74, 87–88 (3d Cir.1965).

A jury is accorded broad discretion only to assess the *amount* of punitive damages. Therefore, when a jury finds that no constitutional violation has occurred, it may not reward a plaintiff with punitive damages. *See e.g. Peden v. Suwannee County School Board,* 837 F.Supp. 1188, 1197 (M.D.Fla.1993)

In sum, in a section 1983 action, a jury may properly award punitive damages even if it awards no compensatory damages, "but **only** where the jury first finds that a **constitutional violation was committed by the party against whom the punitives are imposed**". *Peden,* 837 F.Supp. at 1196. (Emphasis in the original) In this case, the jury expressly answer "NO" to that question. When answering question number 2 of the verdict form, the jury expressly found that no constitutional violation occurred.[4] Thus, the $500.00 punitive damages award cannot stand and must be **VACATED.**

**IT IS SO ORDERED.**

---

4. "2. Do you find by a preponderance of the evidence that Plaintiff Rafael E. Rivera–Oquendo's political affiliation was a substantial motivating factor in his being subjected to adverse employment actions in that his working conditions were inferior to the norm for his position?

Yes ___
No *X*

If you answered "YES" to Question No. 2, proceed to Question No. 3. If your answer to the above question is "NO", then proceed to Question No. 5."