**Secundino VEGA SANTANA, et al., Plaintiffs,**

v.

**Marcelo TRUJILLO PANISSE, et al., Defendants.**

**Civil No. 04–1156 (JAG/CVR).**

United States District Court, D. Puerto Rico.

April 2, 2008.

Eliezer Aldarondo-Ortiz, Gary H. Montilla-Brogan, Aldarondo & Lopez Bras, Guaynabo, PR, Pablo Landrau-Pirazzi, Pablo Landrau, Rio Piedras, PR, for Plaintiffs.

Emil J. Rodriguez-Escudero, Jorge Martinez-Luciano, Pedro Ortiz Alvarez Law Offices, Ponce, PR, for Defendants.

## OPINION AND ORDER

CAMILLE L. VELEZ–RIVE, United States Magistrate Judge.

## INTRODUCTION

In this civil rights action plaintiffs Secundino Vega Santana, Jorge M. Ramos Díaz, Carmelo Morales Vazquez, Richard Ramos Laboy, Carmen T. Morales Burgos and Marisel Anaya, sought and obtained redress for the claimed violation of their First Amendment rights under Title 42, *United States Code*, Section 1983 for political discrimination and damages pursuant to Puerto Rico Civil Codes, Articles 1802 and 1803, Title 31, Laws of Puerto Rico Annotated, Sections 5141, 5142. The jury trial concluded with a verdict in plaintiffs' favor awarding compensatory damages to all six plaintiffs against co-defendant Municipality of Humacao while it also imposed punitive damages against co-defendant Mayor Marcelo Trujillo (as to plaintiffs Morales, Ramos Laboy) and Anaya and against co-defendant Alba T. Ríos as to Ramos Laboy.[1]

The Amended Complaint in this case requested injunctive relief for plaintiffs Vega Santana, Morales Vazquez, who were career employees at the Municipality of Humacao, and Ramos Díaz, who was a transitory employee. *Amended Complaint ¶ 10*.

Plaintiffs Ramos Laboy, who was a Property Officer, and Anaya, who was an Accounting Assistant, indicated being also career employees. *Amended Complaint ¶¶ 13, 14*. Plaintiff Morales Burgos, who was an Administrative Secretary, was transferred from her position and deprived of her duties. *Id. ¶ 15*. These plaintiffs requested a protective order to enjoin defendants from harassing or retaliating against them because of political affiliation.

On October 31, 2007, plaintiffs filed a "Motion Requesting Reinstatement and Other Post–Trial Equitable Remedies", wherein on one hand, plaintiffs Vega Santana, Ramos Díaz and Morales Vázquez sought reinstatement in the positions similar or equal to those held by them in the Municipality of Humacao prior to their unlawful terminations or transfers, or in the alternative, for an appropriate award of front pay. On the second hand, plaintiffs Ramos Laboy, Morales Burgos and Anaya sought a protective order from retaliation in their continued employment. (**Docket No. 162**).

On November 2, 2007, defendants filed their opposition stating plaintiffs' evidence at trial was not the proverbial "smoking

---

1. Plaintiffs' "Motion for Nominal Damages Awards" (**Docket No. 158**) seeking a nominal award of damages in the amount of $1.00 against co-defendants Trujillo and Ríos, in order to collect the punitive damages imposed against them, was Denied (**Docket No. 161**). On March 31, 2008, plaintiffs filed a "Motion in Clarification of the Record and/or for Reconsideration" moving the Court for reconsideration of the Court's Order of October 27, 2007 denying plaintiffs' motion requesting the imposition of nominal damages. (**Docket No. 222**). On April 1, 2008, defendants filed their "Opposition to Plaintiffs' Motion for Clarification of the Record and/or for Reconsideration." (**Docket No. 224**). The motion for reconsideration of the denial of nominal damages and its response will be addressed herein below.

gun", but rather relied on circumstantial evidence in that, when deciding which employees were to be discharged under the lay-off plan approved, their political activism in the opposing party was determinative. (**Docket No. 163**).

Insofar as plaintiff Vega Santana, defendants submitted he has been employed in the private sector at a construction company and his ability to find comparable and even better employment should strongly disfavor reinstatement. As to the request for a protective order, defendants averred ripeness precluded such relief for an injury which did not happen on plaintiffs' assumption that it is likely to happen in the future. A reply to defendants' opposition appears on record (**Docket Nos. 165, 168**).

On December 19, 2007, an Opinion and Order was rendered in which "Plaintiffs Motion Requesting Reinstatement and Other Post–Trial Equitable Remedies" was GRANTED IN PART AND DENIED IN PART. The request for reinstatement of plaintiffs Vega Santana, Ramos Díaz and Morales Vázquez was GRANTED and defendants were ordered to reinstate these plaintiffs to their corresponding positions. The request for protective order by plaintiffs Ramos Laboy, Morales Burgos and Anaya was **DENIED**. (**Docket No. 169**).

The Motion for Reconsideration of the above Opinion and Order was Denied. (**Docket Nos. 171, 172 and 173**).

On January 23, 2008, Judgment in favor of plaintiffs against defendants was entered. (**Docket No. 191**).

We are now faced with defendants' "Motion for Judgment Notwithstanding Verdict and/or for a New Trial" which was filed on February 3, 2008. In essence, defendants claim that, under Federal Rule of Civil Procedure 50(b), they are entitled to a judgment as a matter of law. In the alternative, defendants aver that, pursuant to Rule 59(a), they are entitled to a new trial. Defendants' base their request of the following grounds: 1) the verdicts against the Municipality of Humacao cannot be sustained; 2) the awards of punitive damages cannot be sustained; 3) none of the plaintiffs has established a *prima facie* case of political discrimination; 4) the adverse personnel actions would have been taken regardless; and 5) defendants are entitled to qualified immunity. (**Docket No. 197**).

On February 28, 2008, plaintiffs filed their "Reply to Defendants' Motion for Judgment Notwithstanding Verdict and/or for New Trial" arguing that, even though the jury found in favor of Mayor Trujillo, in his personal capacity, the jury found against him in his official capacity, thus, attaching liability to the Municipality, a decision which is not inconsistent as a matter of law. In addition, plaintiffs claim they proved their *prima facie* cases and defendants are not entitled to qualified immunity. (**Docket No. 210**).

Defendants requested and were granted leave to reply. On March 5, 2008, defendants' Reply was filed. (**Docket Nos. 211, 212 and 213**).

## LEGAL ANALYSIS

### A. Renewed Motion under Fed.R.Civ.P. 50(b) for Judgment as a Matter of Law.

After the conclusion of plaintiffs' case, defendants moved for dismissal of all claims against them which was DENIED. (**Docket No. 181**). Defendants then renewed their motion after the conclusion of their evidence which was also DENIED, as well as the qualified immunity defense. (**Docket No. 184**). Defendants have now renewed their Motion under Rule 50 for

judgment as a matter of law after trial under Fed.R.Civ.P. 50(b).

Rule 50(b) states:

(b) Renewing Motion for Judgment After Trial; Alternative Motion for New Trial. If, for any reason, the court does not grant a motion for judgment as a matter of law made at the close of all the evidence, the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion. The movant may renew its request for judgment as a matter of law by filing a motion no later than 10 days after entry of judgment-and may alternatively request a new trial or join a motion for a new trial under Rule 59. In ruling on a renewed motion, the court may:

(1) if a verdict was returned:

(A) allow the judgment to stand,

(B) order a new trial, or

(C) direct entry of judgment as a matter of law; or

In ruling upon this motion it has been held that "[a] court is without authority to set aside a jury verdict and direct the entry of a contrary verdict unless the evidence points so strongly and overwhelmingly in favor of the moving party that no reasonable jury could have returned a verdict adverse to that party." *Keisling v. SER–Jobs for Progress, Inc.*, 19 F.3d 755, 759–60 (1st Cir.1994). Moreover, in determining if the standard has been met, the court is required to examine the evidence in the light most favorable to the non-moving party, and the non-moving party is entitled to "the benefit of all inferences which the evidence fairly supports, even though contrary inferences might reasonably be drawn." *Id.* at 760 (quoting *Coch-*

*rane v. Quattrocchi*, 949 F.2d 11 (1st Cir. 1991)).

The standard for setting aside a jury verdict pursuant to Fed.R.Civ.P. 50(b) is a stringent one: the Court must deny the motion for judgment as a matter of law unless the evidence, together with all reasonable inferences in favor of the verdict, could lead a reasonable person to only one conclusion, namely, that the there is a total failure of evidence to prove plaintiffs case. *Vázquez–Valentín v. Santiago–Díaz*, 385 F.3d 23, 29 (1st Cir.2004); *Lama v. Borrás*, 16 F.3d 473, 477 (1st Cir.1994). In reviewing the record, the Court will evaluate neither the credibility of the witnesses nor the weight of the evidence. *Vázquez–Valentín*, 385 F.3d at 29; *Santiago–Negrón v. Castro–Dávila*, 865 F.2d 431, 445 (1st Cir.1989).

Defendants Municipality of Humacao and Mayor Trujillo–Panisse argue they are entitled to a judgment as a matter of law because the verdicts against the Municipality of Humacao in favor of plaintiffs Secundino Vega, Jorge M. Ramos–Díaz and Carmelo Morales–Vázquez, the three plaintiffs laid off by the Municipality in March 2003, cannot be sustained. In sum, defendants claim the jury in this case found in favor of Mayor Trujillo–Panisse (person who took the decision to terminate plaintiffs) on the claims asserted by Secundino Vega, Jorge M. Ramos–Diaz and Carmelo Morales–Vazquez yet found against the Municipality on such claims of political discrimination and assessed compensatory damages against it. These three plaintiffs were not awarded punitive damages. Defendants argue this finding is inconsistent with clearly established case law on the imposition of municipal liability under Section 1983. (**Docket No. 197**).[2] Defendants

---

2. Defendants are not challenging as inconsistent the verdicts in favor of the other three plaintiffs Carmen T. Morales–Burgos, Marisel

Anaya and Richard Ramos–Laboy. These plaintiffs are current municipal employees who raised claims of adverse employment ac-

claim the jury found in favor of the person who took the ultimate decision to terminate these three plaintiffs yet held the Municipality liable for political discrimination. Defendants contend plaintiffs failed to immediately object to this bizarre finding by the jury which is allegedly clearly at odds with the stipulated instructions upon which they were charged. Defendants aver the failure to find against Mayor Trujillo–Panisse on claims against him (the nominating authority) necessarily dooms the causes of action asserted against the Municipality, as no person, other than the Mayor was in a position to effect a politically-motivated dismissal. Defendants rely in the case of *De Feliciano v. De Jesús*, 873 F.2d 447 (1st Cir. 1989) to support their argument.

In opposition, plaintiffs argue the verdicts of these three plaintiffs are consistent because, even though the jury allegedly found in favor of the Mayor, in his personal capacity, the jury found against him in his official capacity, thus attaching liability to the Municipality. (**Docket No. 210, p. 8**).

■ We agree with plaintiffs that the verdicts in favor of plaintiffs Secundino Vega, Jorge M. Ramos–Diaz and Carmelo Morales–Vazquez are consistent.[3] We support our decision in the stipulated verdict forms used in this case by the jury in reaching its verdict in favor of these three

plaintiffs. A review of the completed verdict forms (**Docket Nos. 185, 189 and 190**) shows the jury made the same findings as to these three plaintiffs with the exception of the amounts awarded in compensatory damages against the Municipality. The jury's findings are the following:

I. The Jury found as to the First Amendment, Political Discrimination Claim:

A. Each plaintiff proved his political affiliation was a substantial or motivating factor in defendants'[4] decision to lay him off.

B. Defendants did not prove that there were legitimate non-discriminatory reasons for terminating these plaintiffs' employments and would have taken the same employment decision regardless of plaintiffs' political beliefs.

II. The jury found as to the Supplemental Tort Claims:

A. Plaintiffs proved that the defendants acted negligently and/or with intent to injure these plaintiffs and/or in violation of their duty of reasonable care.

III. The jury found as to Compensatory Damages:

A. Plaintiffs proved that they suffered damages in connection with the violation of their rights under the

---

tions short of discharge. Nonetheless, as will be discussed below, defendants challenge the award of punitive damages these plaintiffs obtained against Mayor Trujillo–Panisse even though the jury did not award any compensatory damages against Mayor Trujillo–Panisse.

3. After the verdicts were returned, neither side objected or requested clarification before the jury was excused. The Court of Appeals for the First Circuit has followed an "iron-clad rule" that a party that fails to raise an objection based on verdict inconsistency before the jury is dismissed waives the issue.

*Rodríguez–García v. Municipality of Caguas,* 495 F.3d 1, 9 (1st Cir.2007); *see also Wennik v. Polygram Group Distribution, Inc.,* 304 F.3d 123, 130 (1st Cir.2002); *Campos–Orrego v. Rivera,* 175 F.3d 89, 98 (1st Cir.1999); *Toucet v. Mar. Overseas Corp.,* 991 F.2d 5, 8 (1st Cir.1993)(collecting cases).

4. The defendants in this case are the Municipality of Humacao and Mayor Trujillo–Panisse, in his personal and official capacity. The Municipality of Humacao and Mayor Trujillo–Panisse were collectively identified in the special verdict forms as "defendants."

First Amendment (Part I of the form) and/or the Puerto Rico Tort Statute (Part II of the form).

B. Amount of Damages and the defendant(s) against whom such damages are assessed:

> Mayor Trujillo *in his individual capacity* $ 0 The Municipality of Humacao $75,160.00 for Secundino Vega–Santana; $69,800.00 for Jorge M. Ramos–Díaz; and $79,600.00 for Carmelo Morales–Vázquez.

First, the jury verdicts above summarized show the jury found Mayor Trujillo–Panisse and the Municipality, as defendants, both liable for political discrimination inasmuch the jury specifically found each plaintiff proved that his political affiliation was a substantial or motivating factor in defendants' decision to lay him off and defendants did not prove that there were legitimate non-discriminatory reasons for terminating these plaintiffs' employments and would have taken the same employment decision regardless of plaintiffs' political beliefs.[5] In addition, the jury found that plaintiffs proved that both the Municipality of Humacao and Mayor Trujillo acted negligently and/or with intent to injure these plaintiffs and/or in violation of their duty of reasonable care. Thus, contrary to the parties' contentions, the jury did not find in favor of Mayor Trujillo–Panisse. The special verdict shows that both the Municipality and May-

or Trujillo–Panisse were found liable. Since Mayor Trujillo–Panisse was sued both in his official capacity as Mayor and in his personal capacity, he is liable on both capacities.[6] *See Hafer v. Melo*, 502 U.S. 21, 26, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991) (Section 1983 liability turns not on the capacity in which state officials acted but rather in the capacity in which they are sued).

A further review of the special verdict forms shows that, after the jury made a determination of liability on the First Amendment Political Discrimination Claim and Supplemental Tort Claims and answered the pertinent questions, the jury was faced with the Compensatory Damages section for the jury to assess the damages. In assessing damages in Part III of the stipulated verdict forms related to the "Compensatory Damages", the jury clearly stated that each of these plaintiffs proved to have suffered damages and, in assessing damages found no damages to be assessed against Mayor Trujillo, **in his individual capacity,** but assessed damages against the Municipality of Humacao in the amounts above stated. This finding reasonably shows the jury did not assess damages against Mayor Trujillo–Panisse in his individual capacity but assessed damages against him in his official capacity as Mayor and as the nominating authority, thus attaching liability to the Municipality and imposing those damages against the

---

**5.** This finding of the jury is consistent with jury instruction on "Political Discrimination" which was stipulated by the parties and which reads as follows in pertinent part:

> The First Amendment to the U.S. Constitution makes guarantees, among other things, the People's right to freely express their political views and to freely assemble in political groups and/or associations. Based on this constitutional principle, it is unlawful for a government employer, such as the Municipality of Humacao **and/or** a government officer thereof, such as the ones sued

in their individual capacities in the instant case, to use the authority vested in them to materially affect a non policy-making public employee's work, in retaliation of said employee's protected political speech and/or association.

**6.** A review of the Second Amended Complaint (**Docket No. 24, paragraph 6**) shows Mayor Trujillo–Panisse was sued in both his official capacity as Mayor and in his personal capacity.

Municipality. We cannot lose sight that we are dealing herein with usage, policy or a custom situation of an approved lay-off plan. *Kentucky v. Graham*, 473 U.S. 159, 166, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114 (1985).

The fact that both parties stipulated special verdict forms with separate adjudication of damages (one for Mayor Trujillo in his individual capacity and another for the Municipality of Humacao) shows that both parties agreed that, in the event the jury found Mayor Trujillo–Panisse liable for the First Amendment violation and the Puerto Rico tort statute violation, damages could be assessed by the jury separately against Mayor Trujillo–Panisse in his individual capacity and against the Municipality for Mayor Trujillo–Panisse's actions within his official capacity. In this case, the jury did not assess any damages against Mayor Trujillo–Panisse in his individual capacity but did assess damages against the Municipality. This finding could reasonably show the jury considered the actions and/or omissions of Mayor Trujillo–Panisse in his official capacity and as nominating authority called for attaching liability and an assessment of damages against the Municipality. *See Kentucky v. Graham*, 473 U.S. at 166, 105 S.Ct. 3099.

Moreover, the verdicts at issue are consistent with the stipulated instructions given to the jury in which the jury was instructed on "Municipal Liability" as follows:

> Municipal Governments are not liable under Section 1983 simply because one of its officers has caused the injury. In order for the Municipality to be liable, the injury must be directly traceable to the enforcement of municipal custom, policy or practice.

> In Puerto Rico, Mayors are the nominating authority with regards to municipal personnel. Hence, any action and/or omission in his capacity as nominating authority renders the Municipality liable. Actions committed as nominating authority are hiring, firing, demoting, promoting and the like. Actions by other municipal officers or by the Mayor outside the scope of his nominating authority role, no [sic][do] not entail municipal liability unless they are the result of municipal policy or custom. A municipal officer's discretion in the performance of its duties or the officer's degree of authority, in of themselves, give rise to municipal liability. (**Docket No. 157, pp. 18–19**).

Thus, as argued by plaintiffs, the jury (as instructed) could have found the actions of the Mayor were the result of municipal policy or custom. Hence, attaching liability to the Municipality. Plaintiffs' theory in this case relies in part that the three plaintiffs, who were laid off, were terminated based on a lay off plan in the wake of the privatization of the garbage collection service which was defective and against the law. It is true plaintiffs did not present evidence in their case in chief as to any deficiency in the lay off plan. Nonetheless, defendants did put into evidence the lay off plan. This lay off plan was approved by the Municipal Legislature and implemented by the Mayor, thus, it became municipal policy.

Accordingly, the jury, as the fact finder, could have reasonably found that the Mayor's actions and/or omissions were made as part of his role as the nominating authority of the Municipality. As such, municipal liability attaches and the verdicts are not inconsistent.

Furthermore, defendants base their request of a judgment not withstanding the verdict on the case of *De Feliciano v. De Jesús*, 873 F.2d at 447. The case of *De Feliciano* is distinguishable from this case. The court there held that a verdict against

a municipality was inconsistent with a verdict in favor of the individual policy maker. That verdict could not be rationalized, whereas the verdicts in the instant case can be, as above explained.

■ Finally, we cannot loose sight of the fact that a facially inconsistent verdict in a civil action -no rare phenomenon- is not an automatic ground for vacating the verdict. *See Fairmount Glass Works v. Cub Fork Coal Co.,* 287 U.S. 474, 485, 53 S.Ct. 252, 255–56, 77 L.Ed. 439 (1933). The court "must attempt to reconcile the jury's findings, by exegesis if necessary . . . before [it is] free to disregard [them]." *Gallick v. Baltimore & Ohio R. Co.,* 372 U.S. 108, 119, 83 S.Ct. 659, 666, 9 L.Ed.2d 618 (1963).

In view of the foregoing, the motion for judgment notwithstanding the verdict is **DENIED.**[7]

## B. Punitive Damages.

■ The verdict rendered in this case assessed liability with regards to compensatory damages as to all plaintiffs solely against co-defendant Municipality of Humacao. No compensatory damages were assessed against co-defendant Mayor Trujillo–Panisse. Punitive damages were awarded to three of the plaintiffs (Carmen Morales, Marisel Anaya and Richard Ra-

---

**7.** In the alternative, defendants request in this case a new trial under FRCP 59(a). Rule 59(a) allows the Court to order a new trial, upon a party's or its own motion, "for any of the reasons for which new trials have heretofore been granted." Fed.R.Civ.P. 59(a); *see also Taber Partners I v. Insurance Co. of North America, Inc.,* 917 F.Supp. 112, 116 (D.Puerto Rico 1996) *affd.* 121 F.3d 695 (1st Cir.1997).

The motion for a new trial may invoke the discretion of the court in so far as it is bottomed on the claim that the verdict is against the weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair to the party moving; and may raise questions of law arising out of the alleged substantial errors in admission or rejection of evidence or instructions to the jury. *Montgomery Ward & Co. v. Duncan,* 311 U.S. 243, 251, 61 S.Ct. 189, 85 L.Ed. 147 (1940). The Court may grant a new trial although it has denied the entry of judgment as a matter of law under Fed.R.Civ.P. 50, *China Resource Products (U.S.A.) Ltd. v. Fayda Intern., Inc.,* 856 F.Supp. 856, 862 (D.Del.1994), or even when substantial evidence supports the jury's verdict, *Lama v. Borras,* 16 F.3d 473, 477 (1st Cir.1994). Instead, a new trial "should only be granted where a 'miscarriage of justice would result if the verdict were to stand,' the verdict 'cries out to be overturned,' or where the verdict 'shocks our conscience.' " *Smith v. Delaware Bay Launch Service, Inc.,* 842 F.Supp. 770, 778 (D.Del.1994) (quoting *Cudone v. Gehret,* 828 F.Supp. 267, 269 (D.Del. 1993)).

The Court does not enjoy unbridled freedom to grant new trials, because a jury verdict may only be overturned in the most compelling of circumstances." *Wells Real Estate, Inc. v. Greater Lowell Bd. of Realtors,* 850 F.2d 803, 811 (1st Cir.1988). Indeed, "[t]he obstacles which stand in the path" of claims of excessiveness "are formidable ones." *Smith v. Kmart Corp.,* 177 F.3d 19, 29 (1st Cir.1999)(quoting *Wagenmann v. Adams,* 829 F.2d 196, 215 (1st Cir.1987)). A jury award should not be disturbed only because "it is extremely generous or because . . . [the Court] think[s] [that] the damages are considerably less . . . ." *Diefenbach v. Sheridan Transp.,* 229 F.3d 27, 32 (1st Cir.2000) (quoting *Koster v. Trans World Airlines, Inc.,* 181 F.3d 24, 34 (1st Cir.1999)). The jury's assessment of damages will not be disturbed unless it is "grossly excessive, inordinate, shocking to the conscience of the court, or so high that it would be a denial of justice to permit it to stand." *Correa v. Hospital San Francisco,* 69 F.3d 1184, 1197 (1st Cir.1995); *Koster v. Trans World Airlines, Inc.,* 181 F.3d at 34; *Smith v. Kmart Corp.,* 177 F.3d at 30.

Defendants in this case have not asked the Court to review the jury's award of damages for excessiveness. Thus, we need not delve on this matter. The alternate remedy of a new trail is DENIED on the same grounds above stated for the denial of the renewed Rule 50 request.

mos) against co-defendant Mayor Trujillo–Panisse and as to co-defendant Alba Ríos. After the jury verdict, plaintiffs filed a "Motion for Nominal Damages Award" stating that no compensatory damages or nominal damages were awarded against co-defendants Trujillo–Panisse and Ríos in their individual capacities and the punitive damages award could not prevail without one of said precursor awards, citing *Kerr–Selgas v. American Airlines*, 69 F.3d 1205, 1214–1215 (1st Cir.1995). Thus, plaintiffs requested from the court to enter nominal damages awards of $1.00 against co-defendant Trujillo–Panisse for each of the plaintiffs Carmen Morales, Richard Ramos and Marisel Anaya; and award an additional nominal damage award of $1.00 against co-defendant Ríos for plaintiff Richard Ramos. (**Docket No. 158**).

Defendants duly opposed the request for nominal damages. (**Docket No. 160**).

On October 27, 2007, the request for nominal damages was DENIED citing *Acevedo–Luis v. Pagán*, 478 F.3d 35 (1st Cir.2007) (absent a jury instruction on nominal damages and raising the issue after the jury was discharged, the request for nominal damages is deemed forfeited). (**Docket No. 161**).

Defendants raise in their post trial motion the punitive damages issue and request the punitive damages awarded in this case be vacated. Plaintiffs failed to address the punitive damages issue in their opposition to the motion for judgment notwithstanding the verdict which was filed on February 28, 2008. Thus, until then, defendants' request that the punitive damages award be vacated was unopposed.

Nonetheless, on March 31, 2008, plaintiffs filed a "Motion in Clarification of the Record and/or for Reconsideration" moving the Court for reconsideration of the Court's Order of October 27, 2007 denying plaintiffs' motion requesting the imposition of nominal damages. Plaintiffs aver that nominal damages should have been awarded when plaintiffs originally requested them. In support of plaintiffs' request, they cite for the first time *Campos–Orreqo v. Alba Rivera*, 175 F.3d 89, 98–99 (1st Cir.1999) and claim that a reading of this case, together with *Azimi v. Jordan's Meats, Inc.*, 456 F.3d 228, 240 (1st Cir. 2006) and *Acevedo–Luis v. Pagán*, 478 F.3d at 35, supports their request that nominal damages be awarded of one dollar ($1.00) against Mayor Trujillo–Panisse for each of the plaintiffs Carmen Morales, Richard Ramos and Marisel Anaya. (**Docket No. 222**).

On April 1, 2008, defendants filed their "Opposition to Plaintiffs' Motion for Clarification of the Record and/or for Reconsideration" arguing that plaintiffs' motion for reconsideration is untimely inasmuch as it requests reconsideration of an Order issued over five (5) months ago in October 27, 2007 (**Docket No. 161**). In addition, defendants contend the case of *Campos–Orrego* is distinguishable from the facts of this case. (**Docket No. 224**). We agree with defendants.

■ Punitive damages awards are subject to an accompanying award of compensatory damages. As correctly pointed by both parties, in *Kerr–Selgas v. American Airlines*, 69 F.3d at 1214, the First Circuit ruled that "generally a claimant may not recover punitive damages without establishing liability for either compensatory or nominal damages." In addition, the Supreme Court has held that the Due Process Clause requires that there be a reasonable proportionality between the compensatory and punitive damages. *State Farm Mut. Automobile Ins. Co. v. Campbell*, 538 U.S. 408, 424–425, 123 S.Ct. 1513, 155 L.Ed.2d 585 (2003).

As properly explained by defendants in their Opposition to the Motion for Reconsideration (**Docket No. 224**), in *Campos–Orrego*—unlike the instant case—plaintiff announced her intention to seek nominal damages " 'prior to the close of the session [at which the jury returned its verdict.]' " *Campos–Orrego*, 175 F.3d at 98. Moreover, the decision in *Campos–Orrego* is based in the Supreme Court's decision in *Carey v. Piphus*, 435 U.S. 247, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978) which addressed the matter of procedural due process violation which is the way it was construed by the First Circuit Court of Appeals in *Campos–Orrego*. To this effect, the Court of Appeals for the First Circuit categorically ruled that "we hold that when a jury in a case brought pursuant to 42 U.S.C. § 1983 finds **a violation of the plaintiff's procedural due process rights,** but fails to award compensatory damages, nominal damages are available to the plaintiff." *Campos–Orrego*, 175 F.3d at 98 (emphasis supplied).

This ruling of *Campos–Orrego* was recently re-affirmed by the Court of Appeals for the First Circuit in *Azimi v. Jordan's Meats, Inc.*, 456 F.3d at 239 when the First Circuit stated: "[t]his circuit has adopted this rule of obligatory nominal damages, but we have thus far done so **only for constitutional procedural due process claims.** *See Campos–Orrego*, 175 F.3d at 98" (emphasis supplied).

Accordingly, it is clear the scope of *Campos–Orrego* is limited to due process claims which in the instant case have not been raised. There is no doubt that no due process claims have been raised in the instant case but rather violations to plaintiffs' speech and association under the First Amendment.

Thus, we turn to the decision on *Acevedo–Luis v. Pagán*, 478 F.3d at 35 which, as suggested by defendants, is controlling.

In *Acevedo–Luis v. Pagán*, 478 F.3d at 35, which was a political discrimination case as the instant case, the Court of Appeals for the First Circuit rejected plaintiff's request for nominal damages on appeal ruling the trial judge acted properly because "plaintiff did not request a nominal damages instruction from the district court and did not raise the issue until after the jury was discharged." *Acevedo–Luis v. Pagán*, 478 F.3d at 39. This is the same factual scenario we face in the instant case inasmuch plaintiffs in this case did not request a nominal damages instruction nor raised the issue until after the jury was discharged.

In view of the foregoing, the punitive damages awarded to plaintiffs Carmen Morales ($28,800.00 against co-defendant Trujillo–Panisse), Marisel Anaya ($16,800.00 against co-defendant Trujillo–Panisse) and Richard Ramos ($18,000.00 against co-defendant Trujillo–Panisse and $8,600.00 against co-defendant Ríos) are hereby **VACATED** and plaintiffs' "Motion for Clarification of the Record and/or for Reconsideration" (**Docket No. 222**) is **DENIED**.

## C. Prima Facie Case and Qualified Immunity.

■ Defendants argue plaintiffs' claims should be dismissed because plaintiffs have failed to establish a *prima facie* case of political discrimination. In addition, co-defendant Mayor Trujillo–Panisse contends he is entitled to qualified immunity.

Upon due consideration of the testimonial and documentary evidence presented at trial, the parties post-trial memoranda, and making all reasonable inferences in favor of the verdict, the Court finds the jury verdict is supported by the evidence inasmuch plaintiffs presented sufficient evidence to prove their *prima facie* case.

Hence, the Rule 50(b) Motion is **DENIED,** to the extent that the jury verdict must stand. We take into account that defendants raised multiple defenses which were the object of many of the cross-examinations of plaintiffs and their witnesses. Notwithstanding the details of such defenses which were also presented to the jury after plaintiffs rested, I herein adopt my previous ruling on the motion brought pursuant to Rule 50(a), Federal Rules of Civil Procedure, particularly after the jury individually and meticulously considered each claim. The Court will not invade the jury's province to substitute its credibility determinations and reach an alternative judgment. Reviewing the undersigned's notes, defense arguments and the jury verdict, we cannot conclude the defense is entitled to judgment as a matter of law.

Nonetheless, the Court will address one outstanding legal issue that falls outside the purview of the verdict rendered, to wit, whether qualified immunity is viable.

■ The doctrine of qualified immunity shields government officials from civil liability when they perform discretionary functions as long "as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). In defining the limits of this good-faith defense, the Supreme Court has stated that "[w]here an official could be expected to know that certain conduct would violate statutory or constitutional rights, ... a person who suffers injury caused by such conduct may have a cause of action." *Id.* at 819, 102 S.Ct. 2727. "The contours of the right must be sufficiently clear that a reasonable official would understand that what he [or she] is doing violates that right" *Acevedo–Garcia v. Vera–Monroig,* 204 F.3d 1, 10 (1st Cir.2000) (quoting *Anderson v.*

*Creighton,* 483 U.S. 635, 640, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987)).

■ Thus the court needs to determine (1) whether the constitutional right allegedly involved is a clearly established one; and (2) whether a reasonable official in the same circumstances would have understood that his or her conduct violated that right. *Fletcher v. Town of Clinton,* 196 F.3d 41, 48 (1st Cir.1999). In other words, once it is determined that the alleged conduct violates a clearly established constitutional right, the court must still determine whether an objectively reasonable official with the information that he or she possessed at the time would have believed that his or her conduct was lawful. *See McBride v. Taylor,* 924 F.2d 386, 389 (1st Cir.1991).

■ The qualified immunity defense recognizes "an entitlement not to stand trial or face the other burdens of litigation, conditioned on the resolution of the essentially legal question whether the conduct of which the plaintiff complains violated clearly established law." *Mitchell v. Forsyth,* 472 U.S. 511, 526, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985). Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs,* 475 U.S. 335, 341, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986).

■ Co-defendant Trujillo–Panisse contends he is entitled to qualified immunity because his actions were objectively reasonable under the circumstances presented to him.

The jury has decided all pertinent questions of fact. The law on politically motivated actions is clearly established. The jury was properly instructed, pursuant to the instructions jointly submitted by the parties, on the law and damages. The jury heard the evidence, analyzed the same and decided against defendants and

the defenses they raised finding defendants politically discriminated against plaintiffs. Based on the evidence on record, the conclusion reached by the jury is a plausible one.

The jury's finding that political affiliation was a substantial or motivating factor for co-defendant Trujillo–Panisse's decision and that there was no legitimate non-discriminatory reason also aids us in our decision. In addition, there was credible evidence presented at trial that plaintiffs Secundino Vega–Santana, Jorge M. Ramos Díaz and Carmelo Morales Vazquez worked for the Municipality for years before being terminated. These plaintiffs presented evidence showing that other employees who were PDP followers and with less seniority were either not terminated or later reappointed in positions equal or similar to those occupied by plaintiffs. The evidence presented at trial also showed that plaintiffs Richard Ramos Laboy, Carmen T. Morales Burgos and Marisel Anaya, after the change in administration in 2001, were deprived of their duties, subject to transfers and inferior working conditions. These plaintiffs testified they notified defendant Mayor Trujillo–Panisse, either in writing or orally, of the discriminatory conditions they were subjected to and he did nothing to prevent the same. Mayor Trujillo–Panisse did not testify at trial. Thus, the jury assessed the credibility of the testimonies of the plaintiffs and chose to believe them.

These facts, together with the fact that the law prohibiting political discrimination was clearly established, further assist this Court in finding as a matter of law that, under the factual circumstances of this case, co-defendant Trujillo–Panisse knew he was violating plaintiff's First Amendment rights.

Accordingly, the affirmative defense of qualified immunity is **DENIED**.

## CONCLUSION

In view of the foregoing, defendants' "Motion for Judgment Notwithstanding Verdict and/or for a New Trial" (**Docket No. 197**) is **DENIED**.

Furthermore, plaintiffs' "Motion for Clarification of the Record and/or for Reconsideration" (**Docket No. 222**) is **DENIED**.

IT IS SO ORDERED.